Ruben Joseph CANDELARIA,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–49.

Supreme Court of Wyoming.

May 5, 1995.

Leonard D. Munker, State Public Defender, and Deborah Cornia, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Attorney Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Sr. Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Ruben Candelaria appeals from his conviction for two counts of homicide by vehicle.

We affirm.

## Issues

Appellant presents five issues:

Issue I.

Did the trial court err when it failed to suppress the results of the second drug test performed on the Appellant?

Issue II.

Did the trial court err when it denied Appellant's theory of the defense instructions thus depriving Appellant of his constitutional right to due process?

Issue III.

Whether the Appellant's convictions must be reversed in accordance with this Court's decision in *Bearpaw v. State*, 803 P.2d 70 (Wyo.1990).

Issue IV.

Did the trial court err when it allowed a State's witness to testify in violation of a sequestration order?

Issue V.

Did the trial court abuse its discretion by sentencing the Appellant to the maximum term of two consecutive years?

## Facts

During the evening of March 15, 1993, Appellant borrowed his cousin's car and drove around Cheyenne with several of his friends. Appellant had received his driver's license only four days earlier, and he had driven the car, which had a manual transmission, for the first time only three days before. Throughout the evening, Appellant dropped off some of the passengers and picked up others. Appellant and several of the passengers drank beer and smoked marijuana, and some of the passengers warned Appellant to pay attention to his driving and to watch the road. At around midnight, Appellant began driving fast and swerving at the mailboxes located along the side of the road. The passengers yelled at Appellant, and one of them again warned him to "quit driving crazy."

Appellant eventually lost control of the car south of Cheyenne on Wyoming Highway 223. The car left the pavement and traveled along the dirt shoulder. It returned to the

pavement; swerved twice, leaving tire marks on the pavement; left the pavement a second time; and rolled down an embankment which was eighteen feet deep. All four occupants were ejected. Two passengers were killed while Appellant and the third passenger survived. None of the passengers was wearing a seat belt.

The prosecution filed an amended information which charged Appellant with two counts of aggravated homicide by vehicle as defined by WYO.STAT. § 6–2–106(b)(ii) (Supp.1994). After a four-day trial, the jury found Appellant guilty of homicide by vehicle pursuant to WYO.STAT. § 6–2–106(a) (Supp.1994). The district court sentenced Appellant to serve two consecutive terms of one year each in the county jail,[1] and Appellant brought this appeal.

### The Blood Test

Appellant contends that the district court violated W.R.E. 401, 402, and 403 when it failed to suppress the results of the second test made on the blood sample which had been taken from him at the hospital on the morning after the accident. Specifically, Appellant claims that the evidence was irrelevant and that the evidence prejudiced him unfairly and confused the jury. Appellant asserts that this error cannot be considered as being harmless.

"Questions of admissibility of evidence are within the sound discretion of the trial court, and its decisions will not be overturned absent a clear abuse of discretion." *Furman v. Rural Electric Company*, 869 P.2d 136, 140 (Wyo.1994). We recently summarized W.R.E. 401 and 402:

Evidence is relevant if it tends to make any fact of consequence more or less probable than it would be without that evidence. All relevant evidence is admissible, except as otherwise provided by statute, by [the Wyoming Rules of Evidence], or by other rules prescribed by the Supreme

Court. Evidence which is not relevant is not admissible.

869 P.2d at 140 (citations omitted). *See* W.R.E. 401, 402. W.R.E. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

On the morning after the accident, a Wyoming highway patrolman obtained a sample of Appellant's blood. The Wyoming state health laboratory tested part of the sample for the presence of alcohol and sent another part of the sample to Analytitox, a Colorado laboratory, so that Analytitox could test the blood for the presence of metabolites of marijuana. The results of the test performed by Analytitox were negative because the amount of marijuana in the sample was below Analytitox's cutoff level. Approximately three and one-half months later, the prosecutor requested that a second test be made on the blood sample for the presence of metabolites of marijuana. Chemitox, another Colorado laboratory, performed the second test. Chemitox found a slightly greater amount of marijuana metabolites than Analytitox had found, and the results from the Chemitox test were consistent with the active use of marijuana. The defense counsel objected to the admission of the results of the second test as evidence, and the district court overruled the objection.

The evidence which showed that Appellant's blood contained traces of marijuana was relevant. The prosecution had presented evidence which indicated that the presence of marijuana in Appellant's blood could have impaired his driving ability. Evidence which demonstrated that Appellant's driving ability was impaired could lend support to the conclusion that Appellant was driving his vehicle in a reckless manner pursuant to § 6–2–106(b)(ii).[2] *See, e.g., Buckles v. State*,

---

1. The district court suspended Appellant's sentence as to Count II and ordered that, after he had finished serving his sentence for Count I, Appellant be placed on probation for a period of one year with one of the probation terms being

that he be referred to a community corrections facility.

2. Although the evidence of Appellant's marijuana use was admissible to prove the crime defined by

830 P.2d 702, 706–07 (Wyo.1992) (evidence of cocaine metabolites would be relevant in an aggravated-vehicular-homicide prosecution).

■ The evidence did not unfairly prejudice Appellant or confuse the jury. Appellant's trial counsel effectively cross-examined Chemitox's owner, and he presented testimony from Analytitox's supervisor, who explained why the results of the first test were negative. In addition, the results of the second test merely confirmed the testimony from several eyewitnesses who had seen Appellant smoke marijuana on the night of the accident. We conclude that the district court did not abuse its discretion by allowing the prosecution to present the results of the second test which had been made on the blood sample.

Appellant alleges that the admission of the second test results offends the public's sense of fair play and placed the State at an unfair advantage since the prosecutor had made his request for the second test during a continuance which he sought as a result of witnesses not being available. Appellant does not present any pertinent authority in his brief for this claim. It is not our function to formulate a party's argument, and we consistently refuse to consider arguments which are not supported by cogent argument or pertinent authority. *McNeiley v. Ayres Jewelry Co.*, 886 P.2d 595, 597 n. 2 (Wyo.1994).

### Instructions

Appellant alleges that the district court committed reversible error when it refused to give two instructions to the jury which Appellant characterizes as being theory-of-the-defense instructions. Although the defense counsel presented the two proposed instructions in writing to the district court during the instruction conference, the record does not contain either of the proposed instructions. The transcript of the instruction conference, however, provides us with a description of the two instructions which is sufficient to permit us to address this issue.

A defendant has the right to have instructions on [his] theory of the case pre- sented to the jury when the proposed instructions sufficiently inform the jury of [his] theory of defense and when competent evidence supports the law expressed in the requested instructions. The trial court may, however, properly refuse to give a requested instruction, even though it is correct, when other instructions have been given which sufficiently cover the principles which are being offered in the requested instruction.

*Gilliam v. State*, 890 P.2d 1104, 1108 (Wyo. 1995) (citation omitted).

### A. *"Intervening Cause" Instruction*

■ The first instruction proposed by the defense defined the term "intervening cause." The district court gave the following instruction to the jury:

### INSTRUCTION NO. 4.1

The "proximate cause" of an injury is that cause which in natural and continuous sequence, unbroken by an efficient *intervening cause,* produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequence or result of the wrongful act.

Negligence on the part of a victim is not a defense to criminal prosecution and does not excuse any criminal acts on the part of a defendant. The State is required to prove, beyond a reasonable doubt, that it was the criminal act on the defendant's part that was the proximate cause of the death of [the two passengers].

The actions of the victim may be considered whenever those actions have a bearing upon the alleged conduct of the defendant. *The actions of the victim may be considered in deciding the question of whether the defendant's wrongful act was the proximate cause of the victim['s] death.*

(Emphasis added.) Appellant concedes that this instruction was correct, but he claims that it was inadequate. He argues that the

§ 6–2–106(b)(ii), it was not admissible to prove the crime defined by § 6–2–106(a). *See* § 6–2– 106(a) (citing Wyo.Stat. § 31–5–233 (1994)). The

defense counsel, however, did not request a limiting instruction pursuant to W.R.E. 105.

jury should have been instructed that the victims' negligence in failing to wear seat belts could be used as an intervening cause. We disagree.

Even if the proposed instruction correctly defined the term "intervening cause," such an instruction was not necessary. The last sentence of Instruction No. 4.1 adequately informed the jury that it could consider the victims' actions in determining whether Appellant's wrongful act was the proximate cause of the victims' deaths. *See Buckles,* 830 P.2d at 707–08. The district court properly refused to give the intervening-cause instruction. *See Gilliam,* 890 P.2d at 1109.

Appellant contends that, since the instruction which defined the term "intervening cause" is missing from the record, we must reverse his convictions in accordance with our holding in *Bearpaw v. State,* 803 P.2d 70 (Wyo.1990). In *Bearpaw,* trial counsel for the defendant failed to file a designation of the record on appeal, and a transcript of the proceedings could not be obtained. 803 P.2d at 75–77. We stated: "This court cannot rationally analyze the merits of any potential defense within the concepts of adequacy of representation without a comprehensive record." 803 P.2d at 78. Here, the only missing item is the text of the proposed instruction which defined intervening cause. Since we have been able to glean the nature of the proposed instruction from the transcript of the instruction conference and since the instructions which the district court gave to the jury are contained in the transmitted record, we have had no trouble analyzing the merits of Appellant's argument in this case. The record in this case is sufficiently complete to permit both effective assistance of appellate counsel and due process. *See Farbotnik v. State,* 850 P.2d 594, 598, 601 (Wyo.1993).

**3.** The district court gave the following instructions to the jury on the elements of the offenses:

INSTRUCTION NO. 3
 The necessary elements of the crime of aggravated homicide by vehicle are:

 . . . . .

 1. That on March 16, 1993;
 2. [Appellant] was driving a motor vehicle;
 3. In Laramie County, Wyoming;
 4. In a reckless manner; and

## B. *"Conduct" Instruction*

■ The second instruction proposed by the defense defined the term "conduct." The proposed instruction stated that "the conduct, which is referred to in the . . . instruction [which defined the elements of the offense], is the Defendant's driving." Appellant claims that this is a correct statement of the law and that the absence of the instruction improperly permitted the jury to conclude that Appellant's alcohol and marijuana use was the proximate cause of the accident.

Section 6–2–106 defines the crimes of homicide by vehicle and aggravated homicide by vehicle. That section provides in part:

 (a) Except as provided in subsection (b) of this section, a person is guilty of homicide by vehicle . . . if he operates or drives a vehicle in a criminally negligent manner, and his conduct is the proximate cause of the death of another person. Evidence of a violation of any state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except for evidence of a violation of W.S. 10–6–103, 31–5–233 and 41–13–206, is admissible in any prosecution under this subsection.

 (b) A person is guilty of aggravated homicide by vehicle . . . if:

 (ii) He operates or drives a vehicle in a reckless manner, and his conduct is the proximate cause of the death of another person.

Since the district court gave instructions to the jury which accurately described the elements of homicide by vehicle and aggravated homicide by vehicle according to the language found in § 6–2–106,[3] the district court properly refused to give Appellant's pro-

 5. [Appellant's] conduct was the proximate cause of the death of another person. . . .
INSTRUCTION NO. 5B
 The essential elements of the crime of vehicular homicide are:
 1. That the crime occurred in Laramie County on or about March 16, 1993; and
 2. That [Appellant] did;
 3. Drive a vehicle in a criminally negligent manner;
 [4]. And that the conduct was the proximate cause of the death of another.

posed instruction. *See Gilliam,* 890 P.2d at 1109.

### Sequestration Order

█ Appellant asserts that the district court erred when it allowed the State's rebuttal expert witness to testify after the district court had entered a sequestration order. Appellant argues that allowing the State's rebuttal witness to testify after he had listened to the testimony of one of Appellant's expert witnesses was an "egregious violation" of W.R.E. 615.

W.R.E. 615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may enter the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The language of W.R.E. 615 is plain; it contemplates sequestration of each witness during the testimony of the other witnesses. *Lauthern v. State,* 769 P.2d 350, 352 (Wyo. 1989). The rule is designed to prevent the parties from tailoring their testimony to conform to prior testimony and to assist the fact finder in detecting falsehoods and testimony which is less than candid. *Id.* In the context of W.R.E. 615(3),[4] we have stated:

A party who contends that the presence of a witness is essential to the presentation of his cause must bear the burden of supporting that allegation and showing why the policy of Rule 615 in favor of sequestration is inapplicable.

*Stone v. Stone,* 745 P.2d 1344, 1350–51 (Wyo. 1987). We have also stated:

[P]ermitting witnesses to testify who have been in the courtroom in violation of a sequestration order is a matter addressed to the sound discretion of the court and

... we [will] reverse only for an abuse of that discretion.

*Lauthern,* 769 P.2d at 352.

In this case, the district court entered a sequestration order at the conclusion of the opening statements. During its case-in-chief, the prosecution called two expert witnesses who testified about the speed at which the car was traveling. The first expert testified that the car was traveling 65 to 66 miles per hour when it was leaving the marks on the pavement. The second expert testified that the speed of the car was "in the 60s" when it was leaving the tire marks. The defense also presented an expert during its case-in-chief. He testified that the car was traveling approximately 60 miles per hour when it first left the road.

After the defense rested, the prosecutor called a rebuttal expert witness who had been present in the courtroom during the testimony of the defense expert. The rebuttal expert testified that the speed of the car was 70 to 75 miles per hour when it first left the road. When the prosecutor called the rebuttal expert witness, the defense counsel objected, citing the sequestration order. The district court stated:

I believe that the sequestration rule does not apply to experts. You can have an expert sit in and listen to the testimony of another expert. I think the rule is designed more for fact witnesses who purport to give testimony as to specific things they observed. That's my understanding of the rule. But you are objecting and I'll overrule the objection.

█ The district court's reasoning is inconsistent with the plain language of W.R.E. 615. The prosecutor made no attempt to show that the presence of the rebuttal expert witness had been essential, and the district court did not determine whether the expert's presence had been essential. *See Stone,* 745 P.2d at 1351. The district court's ruling was, therefore, erroneous, and it constituted an abuse of discretion. We conclude, however, that the error was harmless. An error warrants reversal only when it is prejudicial and

---

4. The prosecution did not have W.R.E. 615(1) available to it because the State is not a natural person, nor did it have W.R.E. 615(2) available to it for the rebuttal expert because the prosecutor had already designated a different witness to serve as the prosecution's representative.

it affects an appellant's substantial rights. *Price v. State*, 807 P.2d 909, 913 (Wyo.1991); W.R.Cr.P. 52(a); W.R.A.P. 9.04. The party who is appealing bears the burden to establish that an error was prejudicial. *Roderick v. State*, 858 P.2d 538, 550 (Wyo.1993). Appellant has failed to demonstrate how the testimony of the rebuttal witness was prejudicial. Even if the jury accepted the testimony of the defense expert witness that the car was traveling approximately 60 miles per hour, ample additional evidence indicated that Appellant was criminally negligent pursuant to § 6–2–106(a).

## Sentence

Appellant contends that the district court abused its discretion by sentencing him to serve two consecutive terms of one year each in the county jail. He claims that the district court used "aggravators" which the jury had refused to accept in its verdict and that the district court thereby rested its sentencing decision on an improper premise. We disagree.

 We do not set aside a sentence which is within the legislatively mandated minimum and maximum terms in the absence of a clear abuse of discretion. *Eustice v. State*, 871 P.2d 682, 684 (Wyo.1994).

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did."

*Gailey v. State*, 882 P.2d 888, 891 (Wyo.1994) (quoting *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). A defendant has the burden to establish that the sentencing court in fact rested the sentence on false or improper premises. *Van Riper v. State*, 882 P.2d 230, 239 (Wyo.1994).

 Appellant cites to a portion of the comments made by the district court at the sentencing hearing:

> When you turn to the facts of the case, ... I think with technical accuracy the jury's decision refers to it as an accident. [The prosecutor] disputes that character-

ization. I think it may be a case where one attempts to say too much about something by simply affixing a label, whether it's a mere accident or an aggravated accident, whatever one calls it. The facts are that [Appellant] was driving too fast although the evidence, as I recall, was not that there was extraordinary speed involved, but certainly in excess of the speed limit. He had been swerving and dodging mailboxes, generally engaging in what I think any reasonable person would consider quite reckless driving, and then, of course, there was the fact of the consumption of alcohol and marijuana. So there, of course, is some culpability on [Appellant's] part, whether someone calls it an accident or not.

The district court used the term "reckless," which is an element of aggravated homicide by vehicle. *See* § 6–2–106(b)(ii). We have reviewed all the comments which the district court made at the sentencing hearing, and, when we consider the context in which the term "reckless" was used, it becomes clear that the district court did not disregard the jury's finding that Appellant was not guilty of aggravated homicide by vehicle. Although the district court may have misspoken, this solitary use of the word "reckless" did not constitute a false or improper premise. The district court based its sentencing decision in part upon the deaths of the two victims and a prior incident in which Appellant had been arrested for drinking under age, careless driving, and attempting to elude the police. The sentence imposed did not exceed the legislatively mandated maximum sentence, and, under the circumstances, the district court did not abuse its discretion.

## Conclusion

We have found no reversible error in any of the issues which were raised by Appellant; therefore, his convictions are

Affirmed.