**Richard Manuel BRAVO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 94–179.**

Supreme Court of Wyoming.

June 21, 1995.

Leonard D. Munker, State Public Defender; Gerald Gallivan, Director, Defender Aid Program; and Patti Pennock, Student Intern, argued, for appellant.

Joseph B. Meyer, Atty. Gen.; Sylvia Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; and Mark T. Moran, Asst. Atty. Gen., argued, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

LEHMAN, Justice.

Pursuant to a plea agreement, appellant pled guilty to the charge of grand larceny while reserving the right on appeal to seek review of the district court's ruling on his motion to suppress. The issue we decide is whether the district court erred in determining that Officer Simpson made no promises to appellant and finding appellant was not induced to confess and return the stolen items.

We affirm.

### FACTS

On December 29, 1993, Officer Simpson of the Jackson Police Department investigated a reported larceny at the Jackson Bootlegger. The owner, Rhonda Bailey, had reported items missing and that appellant, who was an employee, had been observed at the store in "suspicious circumstances."

Officer Simpson located appellant at the residence of appellant's girlfriend where he occasionally stayed. Officer Simpson introduced himself as a police officer with the Jackson Police Department and asked if he could speak privately with appellant. The two of them stepped outside onto the porch, where appellant was advised that Rhonda Bailey had reported clothing items were missing from the Jackson Bootlegger; that appellant had been observed in suspicious circumstances; and that many of the items were in his size. Officer Simpson then asked appellant if he knew anything about the missing items. Appellant immediately dropped his head, stated to Officer Simpson that he had "really screwed up," and stated that he had taken several of the missing items. Officer Simpson further advised that Ms. Bailey was concerned about the missing items; that she wanted the items back; that she had a hard time pointing the finger at appellant; and that he did not know what Ms. Bailey's intentions were. Thereafter, appellant turned over all the missing items to Officer Simpson, albeit not all at once.

The total value of the items appropriated from the Jackson Bootlegger approximated $7,000.00. Upon learning the extent of the quantity and value, Ms. Bailey elected to press charges. Appellant was arrested and charged with grand larceny.

During a motion to suppress hearing, appellant argued that his admission to the theft was induced by a promise not to prosecute

by Officer Simpson. Antithetically, the court found the admission voluntary, and appellant thereafter entered his conditional plea of guilty.

### MOTION TO SUPPRESS

■ It is well established that when reviewing a district court's ruling on a motion to suppress,

[f]indings on factual issues made by the district court considering a motion to suppress are not disturbed on appeal unless they are clearly erroneous. *Hyde v. State,* 769 P.2d 376, 378 (Wyo.1989); *Roose v. State,* 759 P.2d 478, 487 (Wyo.1988). * * * Since the district court conducts the hearing on the motion to suppress and has the opportunity to: assess the credibility of the witnesses; the weight given the evidence; and make the necessary inferences, deductions and conclusions, evidence is viewed in the light most favorable to the district court's determination. *United States v. Werking,* 915 F.2d 1404, 1406 (10th Cir.1990).

*Wilson v. State,* 874 P.2d 215, 218 (Wyo. 1994). *See also Murray v. State,* 855 P.2d 350, 354 (Wyo.1993); *United States v. Soto,* 988 F.2d 1548, 1551 (10th Cir.1993) (*citing United States v. Horn,* 970 F.2d 728, 730 (10th Cir.1992) and *United States v. Evans,* 937 F.2d 1534, 1536 (10th Cir.1991)).

■ Statements are made voluntarily if they are the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Vigil v. State,* 859 P.2d 659, 664 (Wyo.1993). We determine voluntariness by examining the totality of the circumstances surrounding the confession. *Id.; Frias v. State,* 722 P.2d 135, 141 (Wyo.1986). The State has the burden of proving by a preponderance of the evidence that a confession was voluntary. However, the movant at a suppression hearing may be required to go forward with evidence on the issue of the involuntariness of his confession and the State may then rebut the issue. *Garcia v. State,* 777 P.2d 603, 605 (Wyo.1989).

At the suppression hearing, Officer Simpson related his conversation with and demeanor toward appellant before appellant confessed to the theft. Officer Simpson testified that he made no promises; informed appellant that he did not know what Ms. Bailey's intentions were; and that the words "prosecute" and "pressing charges" were not used.

Appellant testified that Officer Simpson told him that he was not under arrest when he came to talk to him; that he was not intimidated or scared by Officer Simpson's demeanor during their discussion; and that Officer Simpson told him that if he returned all of the stolen items, Ms. Bailey would not be interested in "pressing charges." Upon hearing that Ms. Bailey would not press charges, appellant admitted to the theft and returned the stolen items.

■ At the conclusion of the hearing, the district court ruled:

The court finds that there was no custodial interrogation in this matter, certainly at least until the point that Mr. Bravo was advised of his *Miranda* rights and perhaps not even thereafter. In any event, whether or not the interrogation became custodial at some point Mr. Bravo's admissions were voluntary, they were not produced by threats or improper influences or promises.

I cannot find anything from anything I have heard here today that was a promise made by Mr. Simpson to Mr. Bravo that he would not be prosecuted or that charges would be pressed. Officer Simpson has very unequivocally stated from the stand that he did not do that. He explained the testimony at the preliminary hearing, and I do not find that Mr. Bravo's confessions and the statements he made were the result of any promises. Quite to the contrary. They were voluntary.

Essentially, the district court was faced with a situation where two parties testified to two different versions of what occurred. "[R]esolution of conflicting evidence is within the province of the [district] court, and its findings must be given great weight when considered in light of its opportunity to hear and observe the witnesses." *Garcia,* 777 P.2d at 606. The district court considered the totality of the circumstances, assessed the credibility of the witnesses and the weight to be

given to their testimony, and made the necessary inferences, deductions and conclusions therewith. Accordingly, we hold that the district court did not err in finding that appellant's admission to the theft was voluntary.

Affirmed.