Victor MADRID, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 95–9.

Supreme Court of Wyoming.

Jan. 31, 1996.

Sylvia Hackl, State Public Defender; and Tim Newcomb (argued) of Grant & Newcomb, Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Assistant Attorney General (argued), for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Victor Madrid (Madrid) appeals the judgment and sentence of the district court convicting him of one count of felony murder in violation of W.S. 6–2–101 and sentencing him to a term of life imprisonment in the Wyoming State Penitentiary.

We affirm.

## ISSUES

Madrid submits the following issues for our review:

I. Did forcing Victor [Madrid] to defend *pro se* against a seasoned prosecutor at his detention hearing violate his Sixth and Fourteenth Amendments' right to counsel, as well as Article 1, § 6 and § 10 of the Wyoming Constitution, and Rule 44, W.R.Cr.P.?

II. Did denying Victor's [Madrid's] right to subpoena his only accuser as a relevant witness at his preliminary hearing violate his right to compulsory service under his Sixth Amendment of the United States Constitution, his right to confront adverse witnesses under the Sixth Amendment of the Constitution, Article 1, § 10 of the Wyoming Constitution, Rule 5.1(b), W.R.Cr.P., and *Garcia v. State,* 667 P.2d 1148 (Wyo.1983)?

III. Was the participation by the District Attorney in preventing the defense from interviewing the government's star witness a violation of the Wyoming Constitution's Article 1, § 6 Due Process by violating fundamental fairness and interfering with the administration of justice?

IV. Were the statements given to the police and admitted into evidence at trial, made voluntarily when viewed in the context of police testimony that they intentionally deceived Victor [Madrid] into making his statement?

V. Did the refusal by the trial court to allow the defense to introduce testimony of "False Confession Syndrome" or "False Memory Syndrome" violate Victor's [Madrid's] right to present a defense?

VI. Did the trial court abuse its discretion when it allowed an unsequestered witness to testify on a critical issue?

VII. Did the court violate Victor's [Madrid's] due process and abuse its discretion when it refused Defense Instruction A?

VIII. Did the government violate Victor's [Madrid's] right against self-incrimination under the 5th Amendment and Wyoming Constitution's Article 1, § 11 when it held him incommunicado for three days of interrogation even though he had an attorney for an unrelated criminal charge?

The State rephrases the issues as:

I. Did the county court commit reversible error by conducting Appellant's detention hearing in the absence of counsel?

II. Did the State inhibit Appellant's access to a material witness?

III. Did the District Court err by not suppressing the statements Appellant made to law enforcement?

IV. Did the District Court abuse its discretion by permitting an unsequestered witness to testify, refusing Appellant's proffered jury instruction and disallowing expert testimony on "false confession syndrome" or "false memory syndrome."[?]

## FACTS

On November 30, 1993, Velma Filener was murdered during a burglary of the home belonging to a friend with whom she was staying. Ms. Filener died as the result of seventeen knife wounds. For several weeks the Casper Police Department conducted an investigation of the burglary and murder, but they were unable to identify any suspects.

One month later, on December 23, 1993, the police responded to a medical assist call involving an apparent drug overdose by Madrid. Upon arrival, the officer learned that Madrid had made statements relating to delusional dreams he had been having in which he saw himself killing an elderly lady, stabbing her with a knife seven times, with blood on his hands and being chased by a "red demon." The officer relayed this information to the detective involved in the Filener investigation. Detectives then interviewed Madrid at the hospital. Madrid recounted his

"dreams," giving details about the burglary and the murder. Madrid was immediately placed under police hold at the hospital—based upon a failure to appear for sentencing on an earlier, unrelated burglary conviction—and upon his release from the hospital was transported to the Natrona County Detention Center.

For two days Madrid was again interviewed at the detention center and was more forthcoming with details about the burglary and murder. However on the third day, Madrid informed the detectives that he no longer wished to talk to them without an attorney. Madrid was officially charged with the murder of Ms. Filener on December 30, 1993, and, following a jury trial, was convicted of felony murder. Madrid timely appeals.

## DISCUSSION

### I. Right to counsel at the detention hearing

Madrid argues that his constitutional right to counsel was violated when he was not afforded counsel at his initial detention hearing wherein the State requested that the court hold Madrid in custody, reasoning Madrid was a serious flight risk due to the fact that he had failed to appear for sentencing on an earlier burglary conviction; he was charged with first degree murder; he was unemployed; and he had no real or personal property of value in Wyoming. Madrid alleges violations of the Wyoming Constitution, the Federal Constitution pursuant to the Sixth and Fourteenth Amendments, and the Wyoming Rules of Criminal Procedure.

■ Madrid was represented by counsel at his district court arraignment. The court offered to reconsider the issue of bond, however, Madrid declined to be heard on the matter. "In order for a claimed error to be regarded as harmful, there must be a reasonable probability that, but for the error, the verdict would have been more favorable to the defendant." *Talbott v. State,* 902 P.2d 719, 721, (Wyo.1995); *see also Stephens v. State,* 774 P.2d 60, 67 (Wyo.1989); *Zabel v. State,* 765 P.2d 357, 362 (Wyo.1988). Madrid has failed to establish that not having an appointed attorney at his detention hearing

prejudiced the verdict against him. Accordingly, we can find no reasonable probability that the verdict would have been more favorable to him and thus find no reversible error.

## II. Accused's right to have access to the State's witnesses

Madrid argues that the State inhibited his right to interview one of the State's key witnesses, a juvenile; that the State moved to quash his subpoena to call the witness at the preliminary hearing; that the State conspired with the Wyoming Girls' School to deny Madrid access to interview the witness; and that the State specifically requested the witness not to speak with Madrid's counsel.

■ Rule 5.1(b), W.R.Cr.P., provides an accused the right to subpoena and call witnesses during his preliminary hearing, but this right is not absolute. *Garcia v. State,* 667 P.2d 1148, 1154 (Wyo.1983). This right must be viewed in light of the true constitutional purpose of the preliminary hearing, which is to obtain a determination by a neutral, detached fact finder that there is probable cause to believe a crime has been committed and that the defendant committed it. *Id.* And although some discovery is the inevitable by-product of a preliminary hearing, discovery is not the purpose of the hearing. *Id.* Thus, discretion is left to the court to determine whether or not the purpose for which a defendant seeks to introduce testimony from a witness whom he has subpoenaed fits within the realm of discovery rather than the determination of probable cause. *Id.* To this end, we have stated that it is incumbent upon counsel to explain the relevance to the issue of probable cause of the testimony he seeks to introduce at the preliminary hearing, pursuant to a sufficient offer of proof. *Id.*, at 1155.

■ After careful review of the record, we find no evidence that Madrid subpoenaed the witness for the preliminary hearing, nor that the State moved to quash such a subpoena. The preliminary hearing was held on January 11, 1994; and the record, pursuant to an affidavit, establishes that detectives of the Casper Police Department did not interview this witness until April 28, 1994. Madrid provides no record support to show that a subpoena was executed or quashed; likewise, Madrid provides no record citation establishing his offer of proof that sufficiently explains the relevance to the issue of probable cause of the testimony of the witness. In fact, in his brief on appeal, Madrid acknowledges that he wished to call the witness as a witness at the preliminary hearing because he believed she had given a variety of contradictory stories. This is not relevant to the issue of probable cause.

■ Madrid's additional allegations that the State interfered with his access to the witness are without merit. The record reveals that the State filed its Disclosure of Information on May 27, 1994, listing the juvenile as a witness. The juvenile was represented by counsel; and when Madrid attempted to subpoena her at a motions hearing in June of 1994, it was the juvenile's attorney, not the State, who quashed that subpoena. Furthermore, Madrid scheduled an interview with the juvenile on five separate occasions. In each instance, it was the juvenile's attorney who canceled the interview. We will not presume allegations unsupported by the record. *See Hayes v. American Nat'l Bank of Powell,* 784 P.2d 599, 601 (Wyo.1989) (we cannot consider factual recitations in briefs unless they are supported by the record; contentions by the parties of what they believed occurred have no materiality unless they are demonstrated in the record considered by the district court); *Mentock v. Mentock,* 638 P.2d 156, 160 (Wyo.1981) (we will not consider any matter upon which the record is silent); *see also Mountain Fuel Supply Co. v. Emerson,* 578 P.2d 1351, 1354 (Wyo. 1978). We can only decide a case upon what appears in the record before us. *Matter of Estate of Reed,* 566 P.2d 587, 590 (Wyo.1977); *Gifford v. Casper Neon Sign Co., Inc.* 618 P.2d 547, 552 (Wyo.1980). Accordingly, we are unable to find a violation of Madrid's constitutional rights concerning any alleged State interference with witness access. Likewise, we can find no support for alleged interference by the State with the "administration of justice" or inhibiting the "fundamental fairness" of appellant's trial.

### III. Voluntariness of Madrid's confession

#### a. Standard of review

■ Madrid argues that the district court's denial of his motion to suppress statements made to detectives of the Casper Police Department was clearly erroneous. We review a district court's denial of a motion to suppress under an abuse of discretion standard, which has been said to mean an error of law committed by the court under the circumstances. *Wilson v. State*, 874 P.2d 215, 218 (Wyo.1994); *Davis v. State*, 859 P.2d 89, 93 (Wyo.1993).

> Findings on factual issues made by the district court considering a motion to suppress are not disturbed on appeal unless they are clearly erroneous. *Hyde v. State*, 769 P.2d 376, 378 (Wyo.1989); *Roose v. State*, 759 P.2d 478, 487 (Wyo.1988). * * * Since the district court conducts the hearing on the motion to suppress and has the opportunity to: assess the credibility of the witnesses; the weight given the evidence; and make the necessary inferences, deductions and conclusions, evidence is viewed in the light most favorable to the district court's determination. *United States v. Werking*, 915 F.2d 1404, 1406 (10th Cir.1990).

*Wilson*, 874 P.2d at 218; *see also Bravo v. State*, 897 P.2d 1303, 1305 (Wyo.1995).

■ Statements made by an accused to peace officers are voluntary if they are the product of a free and deliberate choice rather than intimidation, coercion or deception. *Bravo*, 897 P.2d at 1305; *Vigil v. State*, 859 P.2d 659, 664 (Wyo.1993); *Burk v. State*, 848 P.2d 225, 233 (Wyo.1993). It is well settled that we determine voluntariness by examining the totality of the circumstances surrounding the confession. *Bravo*, at 1305; *Vigil*, at 664; *Frias v. State*, 722 P.2d 135, 141 (Wyo.1986). The burden is on the State to prove by a preponderance of the evidence that a confession is voluntary; however, the movant at a suppression hearing may be required to go forward with evidence on the issue of the involuntariness of his confession and the State may then rebut the issue. *Bravo*, at 1305; *Garcia v. State*, 777 P.2d 603, 605 (Wyo.1989).

#### b. Discussion

■ Madrid argues that the statements made to the detectives at the Natrona Detention Center were induced by deception, rendering the statements involuntary. Madrid supports this allegation by citation to the trial transcript rather than the motion to suppress hearing. Because Madrid is alleging the district court erred in not suppressing his statements, the only relevant proceeding we need review is the hearing, not what transpired at trial. Responsibility for presenting a sufficient record lies with the appellant. *See Edwards v. Edwards*, 732 P.2d 1068, 1070 (Wyo.1987). Here, the only thing developed on the record regarding this issue was that Madrid testified at the hearing that the detectives told him that biological samples taken from him connected him to the crime scene. Madrid's counsel did not cross-examine the detective as to whether he had lied to Madrid. Another detective was asked by Madrid's counsel whether any of Madrid's bodily fluids were found at the crime scene, but this question was objected to and sustained by the court. Under these circumstances, it became a matter of assessing the witness credibility. "[R]esolution of conflicting evidence is within the province of the [district] court, and its findings must be given great weight when considered in light of its opportunity to hear and observe the witnesses." *Bravo*, at 1305 (*quoting Garcia*, 777 P.2d at 606).

■ The district court considered the totality of the circumstances, assessed the credibility of the witnesses and the weight to be given to their testimony, and made the necessary inferences, deductions and conclusions. Madrid was continually read his constitutional rights pursuant to *Miranda*, and he intelligently acknowledged that he understood his rights. Throughout the interviews, he never asked to see an attorney, nor did he ever tell the detectives that he wished to no longer speak with them without an attorney present. As soon as Madrid invoked his constitutional rights, the interviewing stopped. Viewing the evidence in the light most favorable to the district court's determination, we hold that the district court did not

err in finding that Madrid's statements were voluntary and admissible and that the motion to suppress should be denied.

## IV. The right against self-incrimination under the Fifth Amendment

Madrid contends that his Fifth Amendment right against self-incrimination was violated, as well as Article 1, § 11 of the Wyoming Constitution, because he was previously represented by counsel on an unrelated charge and had invoked his constitutional rights. Thus he alleges that once questioning began, his rights were violated rendering the statements made inadmissible.

▮▮▮▮▮ Initially we note that the State attempted to develop this issue at trial. Counsel for Madrid, however, objected based on grounds of relevancy, and the district court sustained the objection. When an issue is not raised at trial, appellant bears the burden of establishing plain error. *Lauthern v. State,* 769 P.2d 350, 357 (Wyo.1989). Under a plain error analysis, the record must clearly show what occurred at trial without resort to speculation. *McLaughlin v. State,* 780 P.2d 964, 971 (Wyo.1989); *Scherling v. Kilgore,* 599 P.2d 1352 (Wyo.1979) (appellant's burden to bring the court a complete record on which to base a decision); *Mountain Fuel Supply Co. v. Emerson,* 578 P.2d at 1354 (we will not consider any matter upon which the record is silent); *see also Mentock v. Mentock,* 638 P.2d at 160; *Hayes v. American Nat'l Bank of Powell,* 784 P.2d at 601; and *Matter of Estate of Reed,* 566 P.2d at 590. We decline, therefore, to address this issue under a plain error analysis. *See McLaughlin,* at 971.

## V. The Sequestration Order

Madrid asserts that the district court abused its discretion when it permitted an unsequestered witness to testify after the district court had entered a sequestration order. Wyoming Rule of Evidence 615 provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may enter the order on its own motion. This rule does not authorize ex-

clusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Rule 615 contemplates sequestration of each witness during the testimony of the other witnesses. *Candelaria v. State,* 895 P.2d 434, 439 (Wyo.1995); *Lauthern v. State,* 769 P.2d at 352. The purpose is to prevent the parties from tailoring their testimony to conform to prior testimony and to assist the fact finder in detecting falsehoods and testimony which is less than candid. *Candelaria,* at 439; *Lauthern,* at 352. We have stated before that, in the context of W.R.E. 615,

> [a] party who contends that the presence of a witness is essential to the presentation of his cause must bear the burden of supporting that allegation and showing why the policy of Rule 615 in favor of sequestration is inapplicable.

*Stone v. State,* 745 P.2d 1344, 1350–51 (Wyo. 1987).

> [P]ermitting witnesses to testify who have been in the courtroom in violation of a sequestration order is a matter addressed to the sound discretion of the court and * * * we [will] reverse only for an abuse of that discretion.

*Lauthern,* 769 P.2d at 352.

In this case, the district court entered a sequestration order prior to the commencement of opening statements. In its case in chief, the prosecution called the owner of the residence in which Ms. Filener was murdered to establish whether her front door and patio door were locked on the night the murder occurred. It was Madrid's theory that the doors were locked and Ms. Filener opened the door for and was murdered by someone she knew. The owner, however, could not testify with certainty that the front door was locked when she left. To rebut appellant's theory, the prosecution argued to the court that it was essential that the owner's granddaughter, who had not been listed as a witness and who was present in the courtroom during the owner's testimony, be

called as a witness. It was the granddaughter on the night of the murder who had picked up the owner and taken her to dinner. Madrid's counsel objected, but the court overruled the objection, allowing her testimony regarding the status of the door. She, however, did not know whether the doors were locked when they left.

We find that the district court did not abuse its discretion in allowing the granddaughter to testify. The burden is on the appealing party to establish that an error is prejudicial. *Candelaria*, 895 P.2d at 440; *Roderick v. State*, 858 P.2d 538, 550 (Wyo. 1993). Madrid has failed in this regard.

### VI. Refusal of Jury Instruction A

Madrid asserts that the district court abused its discretion by refusing Defense Instruction A. A defendant has the right to have instructions on his theory of the case presented to the jury if the proposed instructions sufficiently inform the jury of the theory or defense and if competent evidence exists supporting the law expressed in the instructions. *Witt v. State*, 892 P.2d 132, 142 (Wyo.1995); *Amin v. State*, 811 P.2d 255, 261 (Wyo.1991). The district court may, however, refuse an instruction which is clearly erroneous, confusing, argumentative or unduly emphasizes one aspect of the case. *Oien v. State*, 797 P.2d 544, 548 (Wyo.1990).

Defense Instruction A provided:

A statement made by a Defendant other than at his trial may be either an admission or a confession.

An admission is a statement by a Defendant, which by itself is not sufficient to warrant an inference of guilt, but which tends to prove guilt when considered with the rest of the evidence.

A confession is a statement by a Defendant which discloses his guilt of that crime.

You are the exclusive judges as to whether an admission or a confession was made by the Defendant and if the statement is true in whole or in part. If you should find that such statement is entirely untrue, you must reject it. If you find it is true in part, you may consider that part which you find to be true.

Evidence of an oral admission or an oral confession of the Defendant ought to be viewed with caution.

We find the instruction confusing and question the existence of authority for the proposition that oral admissions and confessions should be viewed with caution.

Additionally, Instruction A does not conform to Madrid's theory of the case. It was Madrid's contention at trial that his statements to the police were involuntary. It is within the district court's discretion to present its own instruction on the defendant's theory of the case or defense. *Witt*, 892 P.2d at 142; *Sanchez v. State*, 694 P.2d 726, 729 (Wyo.1985). The district court gave the following instruction relating to the voluntariness of Madrid's statements:

YOU ARE INSTRUCTED that statements, if any, made by the Defendant charged with the crime, shall be considered by you only if you find that such statements were made voluntarily in whole or in part. If you find such statement is involuntary, then you must reject it. If you find it is voluntary in part, you must consider that part of the statement which you find to have been voluntary.

A voluntary statement is to be considered by you together with all other evidence in determining the guilt or innocence of the accused and you may give the statement such weight and credibility as you see fit.

If you find that the Defendant was coerced into making a statement, you may disregard the statement entirely.

We find this instruction to be a correct statement of the law, adequately covering Madrid's involuntariness claim. *See Scadden v. State*, 732 P.2d 1036, 1053 (Wyo.1987) (reversible error will not be found where the instructions correctly state the law).

### VII. False Confession Syndrome

Madrid alleges that he was entitled to present expert testimony at trial concerning "False Confession Syndrome" or "False Memory Syndrome." Madrid fails to address Wyoming law regarding admissibility of expert testimony as succinctly espoused in

*Sorensen v. State,* 895 P.2d 454 (Wyo.1995) and *Frenzel v. State,* 849 P.2d 741 (Wyo. 1993). Therefore, Madrid's position is unsupported by cogent argument or pertinent authority and, accordingly, we decline consideration. *Wilson v. State,* 874 P.2d at 219; *Farbotnik v. State,* 850 P.2d 594, 606 (Wyo. 1993).

## CONCLUSION

Finding no prejudice accruing by the lack of appointed counsel at the detention hearing, no State interference with witness access, no abuse of discretion in allowing the unsequestered witness testimony, no error in refusal of Defense Instruction A, and finding that Madrid's statements were voluntarily made and admissible, the judgment and sentence is

Affirmed.