Thomas Odell ROBINSON,
Appellant (Plaintiff),

v.

Edwin Wallace HAMBLIN,
Appellee (Defendant).

No. 95–139.

Supreme Court of Wyoming.

April 1, 1996.

William L. Combs of Combs Law Office, Evanston, for Appellant.

Rebecca A. Lewis of Lewis & Associates, Laramie, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Thomas Robinson (Robinson) filed a personal injury action against Edwin Wallace Hamblin (Hamblin Sr.) and Edwin Stephen Hamblin (Hamblin Jr.). The trial court found no negligence on the part of Hamblin Sr. Robinson appeals.

We affirm.

## ISSUES

Robinson submits the following issues for our review:

I. Whether the trial [court] abused its discretion in permitting counsel for appellee's insurance company to maintain ostensible representation of Edwin Stephen Hamblin.

II. Whether counsel for appellee's insurance company improperly invited error in the trial court's decision to exclude trial evidence and testimony offered by appellant.

III. Whether the trial court erred in dismissing Edwin Stephen Hamblin from this action.

Hamblin Sr. rephrases the issues as:

I. Is any issue regarding the representation of defendant/appellee Edwin Stephen Hamblin by attorneys paid by Mountain West Farm Bureau Mutual Insurance Company, the insurer for defendant/appellee Edwin Wallace Hamblin, appropriately before this court?

II. Did the trial court abuse its discretion by excluding evidence offered by appellant at trial because appellant had not abided by the trial court's order to provide certain information about that evidence to appellee prior to trial?

III. Did the trial court err in dismissing defendant/appellee Edwin Stephen Hamblin from this action?

## FACTS

Robinson worked in and around Hamblin Sr.'s mobile home in which Hamblin Sr. and Hamblin Jr. lived together. In that capacity, Robinson acted as the general maintenance person and looked after Hamblin Sr. Robinson and Hamblin Jr. had been friends for over twenty years, and Robinson lived in a separate mobile home on the same property.

On January 5, 1990, Robinson was taken by ambulance to a hospital emergency room for treatment of a spinal condition. Robinson brought a personal injury action against the Hamblins, alleging his back injury was caused by a fall through the floor of the Hamblins' mobile home on January 4, 1990. The Hamblins, in a *pro se* answer, conceded negligence and requested Hamblin Sr.'s underwriter, Mountain West Farm Bureau Mutual Insurance Company (Company), to pay damages to Robinson for the alleged fall. Notwithstanding that the Hamblins admitted negligence, the Company hired attorneys to defend them, and an answer was filed in which they denied negligence.

The trial was conducted with an advisory jury. W.R.C.P. 39(c). Prior to trial, Hamblin Jr. had been dismissed from the action since Hamblin Sr. was the sole owner of the mobile home. The court also excluded two witnesses proposed by Robinson because Robinson had failed to comply with a court order to provide the Hamblins with copies of the witnesses' statements. At the conclusion of the trial, the advisory jury found no negligence on either side. The court adopted this finding. The court found that although the floor in Hamblin Sr.'s mobile home was in a defective and deteriorated condition, Robinson did not fall through it. Further, the court found that even though Robinson did hurt his back while employed by the Hamblins, these two events were in no way causally connected. Robinson timely appeals.

## DISCUSSION

### I. Whether the trial court abused its discretion by allowing the Company to provide legal representation for Hamblin Jr.

Robinson asserts that the Company should not have been allowed to provide Hamblin Jr. with legal assistance in this action since Hamblin Jr. was not a named insured in the policy. We disagree. First, Robinson lacks standing to raise any issue concerning Hamblin Jr.'s legal representation. We have stated before that:

> The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. * * * A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake.

*Schulthess v. Carollo,* 832 P.2d 552, 556–57 (Wyo.1992) (citations omitted). Since Hamblin Jr. was an opposing party in this suit, Robinson has no "tangible interest" in Hamblin Jr.'s right to legal representation. Second, Robinson is foreclosed from bringing this issue on appeal since he did not raise it at any time in the court below. We have consistently held that we do not address issues raised for the first time on appeal. *Squaw Mountain Cattle Co. v. Bowen,* 804 P.2d 1292, 1296 (Wyo.1991); *Matter of Estate of McCue,* 776 P.2d 742, 745 (Wyo.1989). We see no reason to deviate from our general rule in this instance. It is true that Robinson appeared *pro se* in the court below and that this court has spoken to a certain leniency which should be afforded the *pro se* litigant. *See Apodaca v. Ommen,* 807 P.2d 939, 943 (Wyo.1991). The record in this case, however, reveals that the trial court accorded Robinson every courtesy and consideration to which he was entitled. Third, Robinson fails to support his position on this issue by cogent argument or pertinent authority, citing only Rules of Professional Conduct for Attorneys at Law 4.3. This rule bears no relevance to the question at hand since it concerns the way counsel should deal with an opposing party appearing *pro se.* Inasmuch as Robinson's sole support is based on an irrelevant source, we decline consideration. *Madrid v. State,* 910 P.2d 1340, 1347 (Wyo. 1996); *Thunder Hawk By and Through Jensen v. Union Pacific Railroad Co.,* 891 P.2d 773, 778 (Wyo.1995); *Wilson v. State,* 874 P.2d 215, 219 (Wyo.1994); *Farbotnik v. State,* 850 P.2d 594, 606 (Wyo.1993); W.R.A.P. 7.01(f).

### II. Whether Hamblin's counsel invited error to exclude evidence offered by Robinson.

This issue concerns a motion in limine by Hamblin to prohibit testimony by or in regard to actions or statements made by two witnesses whom Robinson wanted to call. The court granted the motion, reasoning that even though Robinson provided Hamblin with the names of these witnesses, he did not provide copies of their statements to Hamblin as ordered by the court. Robinson argues that the motion in limine should not have been granted since Hamblin had obtained adequate knowledge of the content of the witnesses' testimony through other sources, such as Robinson's complaint and the depositions of Hamblin Jr. and Robinson. Further, Robinson asserts that since these two witnesses were going to testify as to the

deteriorated condition of the floor, exclusion of this testimony "effectively destroyed [Robinson's] case," especially in light of the court's finding of no negligence. Thus, according to Robinson, the district court judge abused his discretion.

 We disagree with these contentions. A trial court has discretion to exclude evidence at trial if the party has not followed the court's orders regarding the discovery and disclosure of information prior to trial. W.R.C.P. 16(f), 37(b)(2)(B). Such a decision will not be reversed without a showing of an abuse of discretion. *Thunder Hawk*, 891 P.2d at 779. We have defined judicial discretion as

> [a] composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986) (citations omitted). The burden of demonstrating an abuse of discretion rests on appellant. *Vit v. State*, 909 P.2d 953, 957 (Wyo.1996). Robinson has failed to show any such abuse. The court, at the pretrial conference, ordered Robinson to produce to Hamblin copies of the witnesses' statements. Robinson had these copies in his possession, but he did not comply with the court's order, or at least failed to show such compliance. For that reason, the court determined, in its discretion, that these two witnesses should not be called.

 Furthermore, assuming arguendo that the court did abuse its discretion in this regard, it would be harmless error.

> An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. *Price v. State*, 807 P.2d 909, 913 (Wyo.1991) * * * W.R.A.P. 9.04. The party who is appealing bears the burden to establish that an error was prejudicial. *Roderick v. State*, 858 P.2d 538, 550 (Wyo.1993).

*Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo.1995); *see also Madrid*, 910 P.2d at 1346. An error, to be prejudicial, must "cause a miscarriage of justice or result in

damage to the integrity, reputation, and fairness of the judicial process * * * [or possess] a clear capacity to bring about an unjust result." *Natural Gas Processing Co. v. Hull*, 886 P.2d 1181, 1188 (Wyo.1994) (citations omitted). The court found that the floor was in a defective and deteriorated condition. This was exactly what the two excluded witnesses were going to testify about. Moreover, the court expressed its belief that "the testimony of those witnesses was, in all probability, superfluous, redundant and unnecessary." Thus, the exclusion did not harm Robinson's case.

### III. Whether the trial court erred by dismissing Hamblin Jr. from the suit.

Robinson asserts that the trial court improperly dismissed Hamblin Jr. since nothing appears from the record that Hamblin Jr. was formally dismissed until the trial court entered judgment. Additionally, Robinson purports that Hamblin Jr. was a proper defendant in the action because he occupied the mobile home together with Hamblin Sr. and in that capacity owed certain duties of care toward Robinson.

 We cannot accept these arguments. After careful review of the record, we find it was clear from the start of the trial that the court no longer considered Hamblin Jr. to be a part of the suit. During jury selection the judge stated that Hamblin Sr. was the defendant in the suit, without mentioning Hamblin Jr.'s name. Further, when the court introduced Hamblin Jr. to the jury, the judge stated:

> The gentleman that walked into the courtroom and sat at counsel table for the defense is Stephen Hamblin, Edwin Stephen Hamblin. At one time, Stephen Hamblin was a defendant in this lawsuit but he no longer is.

At no time during the trial did Robinson object to the dismissal of Hamblin Jr. Therefore, Robinson is precluded from bringing this issue on appeal. As mentioned *supra*, a matter not litigated or documented in the lower court cannot be raised for the first time on appeal. *Squaw Mountain Cattle Co. v. Bowen*, 804 P.2d at 1296; *Matter of Estate of McCue*, 776 P.2d at 745.

## CONCLUSION

Finding no abuse of discretion in allowing the Company to provide representation for Hamblin Jr., no error in excluding the testimony of the two witnesses, and no abuse of discretion in dismissing Hamblin Jr. from this lawsuit, the judgment is

Affirmed.