Jeffrey **ROSENBAUM**, Appellant (Defendant),

v.

The **STATE of Wyoming**, Appellee (Plaintiff).

No. 95–202.

Supreme Court of Wyoming.

May 14, 1996.

Tom Sedar, Casper, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant Jeffrey Rosenbaum (Rosenbaum) appeals his conviction for possession of methamphetamine with intent to deliver on grounds the district court improperly admitted physical evidence.

We affirm.

## ISSUES

Rosenbaum presents this issue:

The government's introduction of suspected drugs into evidence in lieu of defense counsel's objection to foundation of relevancy was reversible error.

The State rephrases the issue as:

Whether a sufficient "chain of custody" was presented to support the admission of methamphetamine seized from appellant?

## FACTS

On September 26, 1994, Division of Criminal Investigation (DCI) agents and Natrona County Sheriff's Department deputies contacted Rosenbaum at his business in order to execute a felony arrest warrant issued by South Dakota. Upon arrest, Rosenbaum reached for a fanny pack at his waist. Police arrested Rosenbaum, searched the fanny pack, and found a rock-shaped substance and a white powder substance in a plastic bag, digital scales, and $7,540 in cash. Crime laboratory testing identified the substances and residue on the scales as methamphetamine. At the police station, police removed a baby bottle liner from Rosenbaum's pocket which had a powder residue in it. Rosenbaum volunteered that it was "my personal use stuff." Testing identified this residue as methamphetamine.

Rosenbaum was charged with possessing methamphetamine with intent to deliver, in violation of WYO. STAT. § 35-7-1016(d) and 1031(a)(ii). At his jury trial, Rosenbaum vigorously defended against evidence that he had intent to deliver, claiming that he had the drugs because he was an addict and the cash was working capital required by his successful auto repair business. Through numerous pretrial motions, motion hearings, and objections at trial, Rosenbaum challenged the admissibility of physical evidence consisting of the substances and scales on chain of custody grounds. The evidence was admitted, Rosenbaum was convicted, sentenced to six to ten years in the Wyoming State Penitentiary, and this appeal followed.

*Standard of Review*

Generally, all relevant evidence is admissible. *Candelaria v. State,* 895 P.2d 434, 436 (Wyo.1995). As part of the relevancy determination, WYO. R. EVID. 901 requires the authentication or identification of physi-

cal evidence before the evidence is admissible. *Taul v. State*, 862 P.2d 649, 656–57 (Wyo.1993). Proper foundation for the admission into evidence of controlled substances requires that a chain of custody be established. *Ostrowski v. State*, 665 P.2d 471, 490 (Wyo.1983). The purpose for this standard for the admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. *Robinson v. State*, 716 P.2d 364, 369 (Wyo.1986). This determination is to be made by the trial judge and may not be overturned but for a clear abuse of discretion. *Candelaria*, 895 P.2d at 436.

## DISCUSSION

■ The character of controlled substance evidence requires laying of a particular type of foundation in order to satisfy Rule 901 since, typically, a specific controlled substance sample has no distinct characteristic by which to readily differentiate it from other such samples or from similar appearing but lawfully possessed substances. *Robinson*, 716 P.2d at 368–69. Authentication and identification of the specific sample are accomplished by setting out the circumstances surrounding its custody in the period between seizure and trial. *Id.; United States v. Cardenas*, 864 F.2d 1528, 1531–32 (10th Cir. 1989), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). If the opponent seeks exclusion based on alteration, misidentification, or contamination of the evidence, he must support that charge with more than speculation. *Robinson*, 716 P.2d at 369; *see Westwood v. State*, 693 P.2d 763, 767 (Wyo.1985).

■ In this case, Rosenbaum contends that a significant difference between the weights of the seized controlled substances when field tested and weighed by the crime lab raises an issue of chain of custody. He further suggests that, because the State failed to use sufficient tamperproof packaging, these weight discrepancies prevented the State from establishing the chain of custody and the district court erred in admitting the physical evidence. Field tests reported the seized quantities as weighing 1.67 ounces (about 47 grams) and 3.4 grams, but the State Crime Laboratory reported the substances as weighing 38.7 grams and 1.5 grams respectively. The substances were photographed, placed in envelopes, appropriately marked, and then hand delivered to the laboratory. The State's use of a clasp to seal the envelope gives rise to Rosenbaum's suggestion that the packaging is insufficiently tamper-proof.

Rosenbaum's challenge required the trial court to consider the nature of the evidence the State would present, the circumstances surrounding its preservation and custody, and the likelihood of any tampering. The trial court does not abuse its discretion in admitting the evidence if it can rationally conclude from these factors that the evidence to be introduced is in substantially the same condition as it was at the time of the defendant's alleged crime.

■ The State's burden in meeting the foundation requirement is not a heavy one for Rule 901 is intended to preserve the general preference of the rules of evidence in favor of admissibility. Once the proffered evidence is connected to the charged crime, any defects or uncertainties whether evident in the State's foundation or deriving from contrary evidence by a defendant should be held to affect only the weight of the proffered evidence, not its admissibility. *Taul*, 862 P.2d at 657.

■ The burden of the State with respect to such a chain of custody is to set forth such facts as would permit a reasonable certainty that a drug sample, which has otherwise been identified and tied to the case, has not been materially tampered with or altered subsequent to its seizure. *Westwood*, 693 P.2d at 767. Some prima facie foundation must be provided making it reasonably probable that no material change has occurred to the sample which would render its admission misleading. *Robinson*, 716 P.2d at 368–69; *Westwood*, 693 P.2d at 767; *DeLuna v. State*, 501 P.2d 1021, 1025 (Wyo.1972). Although in controlled substances cases the State must generally show a continuous chain of custody of the drugs, it need not show that its agents maintained a round-the-clock

watch over that evidence or produce the testimony of each person who handled the evidence. *Robinson,* 716 P.2d at 368–69.

Our review of the record indicates that standard procedures were followed by State agents. The forensic chemist testified he found no evidence of an actual, material alteration of the composition of the substance or material tampering with it. In view of the legal principles just discussed, we agree with the State's view that a defendant cannot have controlled substances evidence excluded by pointing solely to a discrepancy related to the weight of the proffered substances.

Through testimony in this case, the State established that the challenged exhibits were photographed, packaged, marked, and hand delivered by DCI agents to the state crime laboratory's employee using standard procedure and without unusual incident. Rosenbaum stipulated to the State's chain of custody once the challenged exhibits reached the State Crime Laboratory, conceding that the laboratory's procedures and handling of evidence were proper. Testimony explained that the weight discrepancy most likely occurred because field testing weighed the substance in the container on seized scales where the accuracy was unknown, whereas the lab weighed only the drug on certified scales.

We find nothing in the record to indicate that the weight discrepancy caused the evidence to be misleading. The court properly admitted the evidence. Affirmed.