**Robert Scott SMITH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff). (Two Cases)**

**Nos. 96-255, 96-256.**

Supreme Court of Wyoming.

July 22, 1997

John D. Fadala, Casper, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; Georgia L. Tibbetts, Sr. Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

Golden, Justice.

In this consolidated appeal, Appellant Robert Smith contends serious inaccuracies and omissions in his presentence investigation report require a new sentencing hearing before a different sentencing judge. We hold that the sentencing judge exercised his discretion appropriately, and we affirm the sentence of the district court.

## ISSUES

Smith's separate appeals present the same single issue with which the State agrees:

Did the Trial Judge abuse his discretion by relying on improper information when sentencing the defendant?

## FACTS

In separate criminal actions, Smith was charged with several counts of possession and delivery of controlled substances. He entered into a plea agreement with the State, and on January 4, 1996, Smith pleaded guilty to two counts of felony possession of methamphetamine and one count of delivery of methamphetamine in exchange for sentences which were to run concurrently and were not to exceed twenty-four to thirty months in the Wyoming State Penitentiary.

The court accepted the guilty pleas and ordered that a presentence investigation report be completed. One was prepared and submitted to the court on June 27, 1996. On July 16, 1996, Smith's counsel wrote to the

trial judge concerning a number of inaccuracies and omissions in the presentence investigation report and requested that a new report be prepared. The judge accepted the corrections submitted by Smith's counsel. However, the State alluded to the incorrect, as well as non-verified, information in the report as aggravating factors for the court's consideration in Smith's sentencing. Smith contended that his cooperation as an informant and his previous successful completion of probation and counseling made him a good probationary candidate. He requested that he be sentenced to three years of supervised probation and to complete the felony program at Community Alternatives of Casper.

Smith was sentenced on July 18, 1996, to not less than eighteen months nor more than twenty-four months in prison for the felony convictions and to six months on the misdemeanor possession charge, which was ordered to be served concurrently. This appeal followed.

## DISCUSSION

The record shows, in thorough detail, that Smith itemized for the sentencing judge the many inaccuracies and omissions which were contained in the presentence investigation report. In this appeal, he requests that we set standards to ensure accurate presentence investigation reports; order that a new and accurate presentence investigation report be prepared in his case; and order that he be granted a new sentencing hearing before a different judge. He contends this remedy is necessary because the sentencing judge could not help but be influenced by the improper information which was prejudicial and inflammatory and must have relied upon it in passing sentence upon him.

 Sentencing decisions are within the sound discretion of the sentencing court. *DeSpain* v. *State*, 865 P.2d 584, 589 (Wyo. 1993). A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion,

procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Wayt v. State*, 912 P.2d 1106, 1109 (Wyo.1996); *Hicklin v. State*, 535 P.2d 743, 751 (Wyo.1975).

 Smith's contention of prejudice is not supported by any evidence that the court relied on the erroneous information, and, in fact, is contradicted by the sentencing judge's accepting his corrections and then imposing a sentence less than that agreed to by Smith in his plea agreement. *Wayt v. State*, 912 P.2d at 1109 (appellant bears the burden of establishing this reliance). Nor do we find that sentencing Smith after learning of the report's severe deficiencies and without ordering a new report is improper and requires remanding for a new sentencing hearing. A sentencing judge's discretion permits him to order a new report or simply to accept corrections and proceed, as the judge did in this case. *See Mehring v. State*, 860 P.2d 1101, 1117–18 (Wyo.1993). As for Smith's request that we set standards to ensure accurate, nonargumentative presentence reports, our standard of judicial discretion accomplishes this objective while giving the sentencing judge the greatest amount of flexibility to exercise the appropriate action towards these kinds of transgressions by the State. In this case, Smith's counsel's careful verification of the report and diligent reporting to the sentencing judge resulted in a more favorable sentence to Smith than that received by plea agreement. There simply is no evidence that probation was denied because of the report's inaccurate contents, and a new sentencing hearing is not required. *Mehring*, 860 P.2d at 1117. The sentence is affirmed.