2009 WY 3

**Joshua KELLEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–08–0123.**

Supreme Court of Wyoming.

Jan. 14, 2009.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The appellant contends that his constitutional right to equal protection of the laws was violated when the district court arbitrarily and capriciously did not grant him first-offender status under Wyo. Stat. Ann. § 7–13–301 (LexisNexis 2007). Alternatively, he argues that the district court's denial of first-offender status was an abuse of discretion. We affirm.

## ISSUES

[¶ 2] The appellant states the issues substantially as follows:

1. Was the appellant treated arbitrarily and capriciously when he was denied the benefit of disposition of his case under Wyo. Stat. Ann. § 7–13–301?

2. Did the denial of first-offender status violate the equal protection clauses of the United States Constitution and the Wyoming Constitution?

3. Did the district court abuse its discretion in its application of Wyo. Stat. Ann. § 7–13–301 in sentencing the appellant?

[¶ 3] The issue that we will address, however, because it is mandated by our standard of review when there has been no objection below, is whether the district court committed plain error in denying first-offender status to the appellant.

## FACTS

[¶ 4] A Felony Information was filed on November 5, 2007, in the Circuit Court of Albany County, Wyoming, charging the appellant with one count of burglary and one count of buying, receiving, concealing or disposing of property obtained in violation of the law. The appellant waived his right to a

preliminary examination and his case was bound over to district court for trial. At arraignment, the appellant pled guilty to burglary pursuant to the following plea agreement, which was set forth verbally on the record by the prosecutor:

> THE COURT: Mr. [Prosecutor], I understand there is a plea agreement. Would you state that for the record, please?
>
> MR. [PROSECUTOR]: I will, Your Honor. Thank you. The plea agreement and recommendation is the defendant will plead guilty to Count I, burglary. The State will dismiss Count No. II. The defendant's agreed to full restitution to both counts, Counts I and II. And [Victim] has already given a victim impact statement wherein they requested restitution in the amount of $5,620. And that includes a $5,000 reward, which, to be quite blunt, under the restitution statutes may or may not be granted by the Court. That would be a matter for the Court, if it went to hearing.
>
> The defendant has agreed to pay that full amount, the $5,620, as in his words, he has said he wants to take full responsibility for this situation. Simon Contractors has not yet contacted our office. The amount of their restitution will be determined before their [sic] sentencing.
>
> The State, in return for this, will consent to the defendant being treated as a first offender under Wyoming Statute 7–13–301, and the State will, in fact, recommend that the defendant be treated as a first offender, due in large part to his willingness to stand up and pay the $5,000 reward. "My attorneys explained to me that I may be able to fight that at restitution hearing, but I deserve to pay it. I'm going to take care of that." And so the State at his sentencing, will recommend first offender, as he took responsibility.

[¶ 5] In recognition of the plea agreement, the district court withheld adjudication and ordered a presentence investigation report. That report quoted the plea agreement and the State's recommendation for first-offender treatment, and included a recommendation for probation. The district court did not, however, grant the appellant first-offender status. Instead, the district court entered an adjudication of guilt and sentenced the appellant to incarceration for a period of three to five years. That sentence was suspended and the appellant was placed on supervised probation for a period of four years.

## WYO. STAT. ANN. § 7–13–301

[¶ 6] Wyo. Stat. Ann. § 7–13–301 provides in relevant part as follows:

> (a) If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to any misdemeanor except any second or subsequent violation of W.S. 31–5–233 or any similar provision of law, or any second or subsequent violation of W.S. 6–2–501(a) or (b) by a household member as defined by W.S. 35–21–102 against any other household member or any similar provision of law, or any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court. . . .

## STANDARD OF REVIEW

[¶ 7] Sentencing decisions generally are subject to review for an abuse of discretion. *Smith v. State*, 941 P.2d 749, 750 (Wyo.1997). This sentencing discretion extends to the decision of whether to grant first-offender status under Wyo. Stat. Ann. § 7–13–301. *Rawson v. State*, 900 P.2d 1136, 1138 (Wyo.1995). In exercising its sentencing discretion, the district court may consider a wide variety of factors and circumstances. *Gorseth v. State*, 2006 WY 109, ¶ 15, 141 P.3d 698, 703 (Wyo.2006); *Cohee v. State*, 2005 WY 50, ¶ 4, 110 P.3d 267, 269 (Wyo.2005). The appellant bears the burden of proving that the sentencing court abused its discretion by resting the sentence on "false or improper premises." *Peden v. State*, 2006 WY 26, ¶ 10, 129 P.3d 869, 872 (Wyo.2006).

"However, when no objection is made concerning the consideration of a particular factor, review is necessarily confined to a search for plain error. Plain error, as we have often stated, occurs when the record clearly shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right."

*Hirsch v. State*, 2006 WY 66, ¶ 31, 135 P.3d 586, 598 (Wyo.2006) (quoting *Manes v. State*, 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004)).

## DISCUSSION

[¶ 8] The appellant presents multiple arguments in this appeal, none of which get him past the plain error requirement that he show an error that violated a clear and unequivocal rule of law. First, in his constitutional argument, he quotes *Small v. State*, 689 P.2d 420, 425 (Wyo.1984) (quoting *State v. Freitas*, 61 Haw. 262, 602 P.2d 914, 922 (1979)), for the proposition that "[t]he Equal Protection Clause mandates that all persons similarly situated shall be treated alike, both in the privileges conferred and in the liabilities imposed." In *Small*, this Court held that the habitual criminal statute did not violate equal protection principles in applying to involuntary manslaughter, but not to aggravated vehicular homicide. *Id.* at 429. Nevertheless, the appellant contends that the general principle espoused in *Small* was violated by the district court in his case when it denied to him first-offender treatment that would have been offered to others similarly situated. That argument is based upon the following comments by the judge at sentencing:

THE COURT:....

It's interesting that when [Victim] is robbed, burglarized again, where do they post the reward fliers? All over town? Huh-uh. Wyo Tech. Because those seem to be the people that like to victimize that particular business again and again and again. And I'll tell you what, Mr. Kelley, I am sick of it. I am sick of having people come to town that don't live here and victimize the people that do live here and try to make an honest living.

[¶ 9] The appellant contends that this passage shows that, had he not been an out-of-town student attending the local automotive technical school, but instead had been a local resident, he would have received first-offender treatment, and that this disparity is a violation of his constitutional right to equal protection of the laws. To get the full flavor of the sentencing decision, however, the above passage must be read in the context of additional comments made by the court during the sentencing hearing:

THE COURT: So what is it you were thinking here when you were over breaking into businesses in the middle of the night stealing extremely valuable property, packing it up, and I assume getting ready to sell it? And this was no accident. This wasn't a spur-of-the-moment thing. You clearly planned this, carried it out, kept this stuff for quite a while. What? You think you can just walk away from that?

. . . .

THE COURT: What I wanted to look at was what happened to [the appellant's accomplice], because I knew he had been here, and I couldn't remember exactly what that disposition was. And he's got three felony convictions and is off to the state pen.

It's interesting that when [Victim] is robbed, burglarized again, where do they post the reward fliers? All over town? Huh-uh. Wyo Tech. Because those seem to be the people that like to victimize that particular business again and again and again. And I'll tell you what, Mr. Kelley, I am sick of it. I am sick of having people come to town that don't live here and victimize the people that do live here and try to make an honest living.

First offender is on the table and I have given first offender treatment here a great deal of consideration in your case. And it is the kind of thing that is normally used for younger people like yourself when they go out and do something impetuous, spur-of-the-moment, stupid, and they really don't have the time to think about it or take it back afterwards, spray paint property, something like that. That's not what happened with you. You planned this.

You and your friend went out and executed it. You rented a storage locker to store the stolen property. It stayed there for a long time. There was nothing impetuous about this. There was every opportunity in the world to, if not make it right, at least make it easier. You didn't do any of those things. And at the end of the day, it's time to send the message to Wyo Tech that when you victimize people here like you did, you can expect to go home with a felony conviction on your record, and that's what we are going to do today.

The only reason you are not going to prison, like your friend, is because you don't have any record, and because you have made some effort to show some remorse, if not accept responsibility. But I am just done with it. Time and time and time again. Enough is enough, Mr. Kelly [sic]. This is not first offender stuff. This was felony, middle-of-the-night burglary, entry of property. You knew what you were doing. You made your choices, and there are consequences to that. I'm sorry you didn't think more about it at the time.

[¶ 10] Clearly, the district court denied first-offender status to the appellant for two reasons: to punish the appellant for a premeditated night-time burglary, and to deter Wyo. Tech students from further such acts. The appellant has provided no cogent argument, and has presented no authority, in support of the theory that a judge abuses his or her discretion or violates the equal protection doctrine by considering as a sentencing factor the premeditated and invasive nature of the crime. Neither has the appellant shown that general deterrence—the deterrence of others—is an inappropriate sentencing factor. *See Cohee*, 2005 WY 50, ¶ 20, 110 P.3d at 274; *Wright v. State*, 670 P.2d 1090, 1093 (Wyo.1983). Furthermore, the appellant presented no evidence below, and does not even suggest to this Court, that the district court's comments about burglaries by Wyo. Tech students were factually incorrect.

[¶ 11] For the most part, the appellant's contentions that the district court's denial of first-offender status was either arbitrary and capricious or an abuse of discretion are subsumed in his constitutional arguments. He

makes a separate abuse of discretion argument, however, to the effect that by refusing to grant first-offender status to a defendant convicted of a premeditated crime, while being amenable to granting such status to a defendant convicted of an "impetuous" crime, the district court applied a criterion not found in Wyo. Stat. Ann. § 7–13–301. We find this argument just short of nonsense. First, as mentioned above, the law is clear that a sentencing court has broad discretion in considering many factors about both the defendant and the crime. *See supra* ¶ 7. Second, the appellant's position would replace the statutory word "may" with the word "shall." In short, the appellant's interpretation would require the sentencing judge, for any crime covered by the statute, and where the State has consented, to grant first-offender status. The prosecutor's decision, and the sentencing judge's decision, however, are clearly distinct, and neither may impose its will upon the other in the application of the statute. *See Billis v. State*, 800 P.2d 401, 434–35 (Wyo.1990); *Wright*, 670 P.2d at 1095.

## CONCLUSION

[¶ 12] The district court did not abuse its discretion and did not violate the appellant's right to equal protection of the laws by declining to grant the appellant first-offender status under Wyo. Stat. Ann. § 7–13–301.

[¶ 13] We affirm.

HILL, Justice, specially concurring.

[¶ 14] I agree with the majority that Kelley has not adequately demonstrated that his substantial right to be sentenced for *his* crime was adversely affected by the district court in the process of imposing sentence. Furthermore, I agree that the district court did not abuse its broad discretion in imposing the sentence it ultimately did impose, despite the plea agreement and the State's unequivocal recommendation of that plea agreement:

Sentencing decisions are normally within the discretion of the trial court. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo.1997). "A sentence will not be disturbed because of sentencing procedures unless the defen-

dant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Smith v. State*, 941 P.2d 749, 750 (Wyo. 1997). "An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial." *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo.1995) (citations omitted) [overruled in part on other grounds by *Allen v. State*, 2002 WY 48, 43 P.3d 551 (Wyo.2002) ]; see also *Robinson v. Hamblin*, 914 P.2d 152, 155 (Wyo.1996).

*Carothers v. State*, 2008 WY 58, ¶ 23, 185 P.3d 1, 14–15 (Wyo.2008) (quoting *Lee v. State*, 2001 WY 129, ¶ 10, 36 P.3d 1133, 1138 (Wyo.2001)).

[¶ 15] However, I am unable to agree that the language employed by the district court, which was directed to those who are students at Wyo Tech and who are from places outside Wyoming, can be condoned. 24 C.J.S. *Criminal Law* § 1997 at 24–25 (2006). I consider it an improper factor to have been considered under the circumstances of this case, and I think we need to say that.

[¶ 16] As an aside, I think the majority's reliance on the case *Wright v. State*, 670 P.2d 1090, 1093 (Wyo.1983) is ill-advised. The *Wright* case had a long history in this Court, but the final decision, splintered as it was, was to step back from our initial decision. In *Wright v. State*, 707 P.2d 153, 157 (Wyo.1985) we held:

We conclude that the denial of probation to Grant Alan Wright was a departure from the trial judge's own practice which was not supported by any articulable valid reason in the record. Although a majority of the court concluded that the sentence analyzed in isolation does not demonstrate a clear abuse of discretion, a different majority is equally satisfied that the denial of probation to Grant Alan Wright in this instance manifests a substantial failure of justice, and it must be corrected.

The decision of this court is that this case is to be remanded to the district court with instruction that the judgment and sentence shall be adjusted to reflect that the execution of the sentence to a term of two to four years (which incidentally Wright has not attacked) be suspended, and he is to be placed on probation for four years, in accordance with the usual conditions of probation imposed in similar cases, with the term of probation to commence on January 21, 1983.

CARDINE, Justice, specially concurring, with whom ROSE, Justice, joins.

I concur in the opinion of the court which holds that upon review after granting certiorari there was a failure of justice and that appellant should be granted probation. Were the matter before us on appeal, I would also hold the sentence reviewable for an abuse of discretion and in this case, based upon the record and facts articulated by the court, find an abuse of discretion and grant probation to appellant.

[¶ 17] I concur in the result, but I conclude that the district court improperly fashioned Kelley's sentence, at least in part, so as to send a message to out-of-state students who attend Wyo Tech, and who commit crimes in Laramie, that they are not likely to be considered eligible for probation.