2009 WY 92

**Jesse THOMAS, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–09–0018.**

Supreme Court of Wyoming.

July 15, 2009.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; Kirk A. Morgan, Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] A jury found the appellant guilty of attempted second-degree murder, two counts of aggravated assault and battery,

and reckless endangerment. On appeal, he challenges the admission of certain "victim impact" testimony and argument, and he alleges that the district court failed to consider the presentence investigation report (PSI) at sentencing. We affirm.

## ISSUES

[¶ 2] 1. Did plain error occur through the admission of irrelevant victim impact testimony and argument?

2. Was the appellant denied a fair sentencing hearing by the district court's failure to consider the PSI?

## FACTS

[¶ 3] On August 2, 2005, the appellant rammed his truck into his former girlfriend and the vehicle next to which she was standing. He then jumped out of his truck and pointed a handgun at both his former girlfriend and another person standing nearby. The appellant fled the scene, but turned himself in to law enforcement authorities the next day.

[¶ 4] Pursuant to a plea agreement, the appellant pled *nolo contendere* to one count of attempted second-degree murder and two counts of aggravated assault and battery. In an earlier appeal, we reversed those convictions and remanded the case to the district court to allow the appellant to withdraw his pleas because he had not properly been advised of the consequences of those pleas. *See Thomas v. State,* 2007 WY 186, ¶ 24, 170 P.3d 1254, 1263 (Wyo.2007). Upon remand, the appellant pled not guilty to the reinstated charges. A jury found him guilty of attempted second-degree murder, two counts of aggravated assault and battery, and reckless endangerment. On September 29, 2008, he was sentenced to multiple terms of imprisonment. This timely appeal followed.

## DISCUSSION

### *Did plain error occur through the admission of irrelevant victim impact testimony and argument?*

[¶ 5] The appellant's former girlfriend suffered horrendous injuries when she

was struck by the appellant's truck. At trial, without objection, she and her treating physician testified at length and in detail about those injuries, about the numerous surgeries which she had undergone, and about the necessity of future medical treatment.[1] In addition, the State made reference in both opening statement and closing argument to the nature of those injuries and their impact upon the victim.

[¶ 6] Because there was no trial objection, either to the testimony, or to the opening statement, or to the closing argument, we review for plain error. To prove plain error, the appellant must show the following: (1) that the record is clear as to the alleged error; (2) that the alleged error amounted to a clear violation of an unequivocal rule of law; and (3) that the error denied to the appellant a substantial right, to his prejudice. *Wilks v. State,* 2002 WY 100, ¶ 7, 49 P.3d 975, 981 (Wyo.2002).

[¶ 7] The appellant easily clears the first plain error hurdle because the matters of which he now complains are fully set forth in the trial transcript. He also nearly clears the second hurdle, inasmuch as we have long-established rules governing the admission of victim impact evidence during the guilt phase of a trial. "Broadly speaking, victim impact evidence is that evidence relating to the victim's personal characteristics and to the physical, emotional, or social impact of a crime on its victim and the victim's family." *Smith v. State,* 2005 WY 113, ¶ 15, 119 P.3d 411, 416 (Wyo.2005). Victim impact evidence may or may not be admissible:

> The key inquiry on the admissibility of victim impact testimony during the guilt phase of a criminal trial is relevancy. *McCone v. State,* 866 P.2d 740, 751 (Wyo. 1993). Victim impact testimony must not be permitted "unless there is a clear justification of relevance." *Justice v. State,* 775 P.2d 1002, 1011 (Wyo.1989). Such testimony may be irrelevant if offered during the

---

1. We are not inclined to further invade the victim's right to medical confidentiality by detailing those injuries, which principally involved her face, head, and legs. The specific details of her injuries are not necessary for our legal analysis.

guilt phase of the trial as proof of the victim's loss; the physical, emotional, or psychological impact on the victim; or the effect upon the family. Yet, it may be relevant if offered for another proper purpose. *Id.* at 1010 . . . .

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." W.R.E. 401. In criminal cases, "[e]vidence is always relevant if it tends to prove or disprove one of the elements of the crime charged." *Grabill v. State,* 621 P.2d 802, 809 (Wyo.1980); *see also Lancaster v. State,* 2002 WY 45, ¶ 42, 43 P.3d 80, [97] (Wyo.2002); *Geiger v. State,* 859 P.2d 665, 667 (Wyo.1993). Relevant evidence may be excluded, however, if "its probative value is substantially outweighed by the danger of unfair prejudice." W.R.E. 403. For this court to conclude that the trial court admitted unduly prejudicial evidence in violation of W.R.E. 403, the appellant must demonstrate "that the evidence had little or no probative value and that it was extremely inflammatory or introduced for the purpose of inflaming the jury." *Apodaca v. State,* 627 P.2d 1023, 1027 (Wyo. 1981).

*Wilks,* 2002 WY 100, ¶¶ 8–9, 49 P.3d at 981; *see also White v. State,* 2003 WY 163, ¶ 13, 80 P.3d 642, 649 (Wyo.2003).

[¶ 8] One of the charges against the appellant in this case was attempted first-degree murder, which crime contains as an element the specific intent to kill.[2] That alleged crime was based upon the appellant's having intentionally driven his truck into the victim, rather than upon his brandishing of the handgun. Because we have on many occasions found that physical injury testimony may be relevant to prove an element of a crime, including specific intent to kill, we cannot say that it was plain error in this case for the evidence to be admitted. *See Thomas v. State,* 2006 WY 34, ¶ 30, 131 P.3d 348, 356 (Wyo.2006) (aggravated assault and battery); *Lancaster v. State,* 2002 WY 45, ¶ 45, 43 P.3d 80, 98 (Wyo.2002) (intent to kill);

*Hernandez v. State,* 976 P.2d 672, 676 (Wyo. 1999) (intent to kill); *Geiger v. State,* 859 P.2d 665, 668 (Wyo.1993) (intent to kill). The nature and extent of a victim's injuries, no less than the manner in which they were inflicted, may be probative of the appellant's intent to kill. Indeed, where a victim, on the surface at least, appears to have healed from physical injuries, evidence of those injuries may be the only way adequately to give the jury a sense of the crime that took place.

■ [¶ 9] Victim impact evidence is not admissible in every case. But where there has been no trial objection, and where the evidence has sufficient probative value to outweigh the danger of an *unfairly* prejudicial effect, we cannot say that it was plain error for it to have been admitted. That is what happened here.

### Was the appellant denied a fair sentencing hearing by the district court's failure to consider the PSI?

■ [¶ 10] We will make short shrift of this allegation because there was no objection below and because the allegation is not substantiated in the record. First, however, we will briefly recite our standard for the review of sentencing procedures:

We review sentencing decisions for an abuse of discretion.

"Sentencing decisions are normally within the discretion of the trial court. *Hamill v. State,* 948 P.2d 1356, 1358 (Wyo.1997). 'A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' *Smith v. State,* 941 P.2d 749, 750 (Wyo.1997). 'An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial.' *Candelaria v. State,* 895 P.2d 434, 439–40 (Wyo. 1995) (citations omitted) [ (*overruled in*

2. Wyo. Stat. Ann. §§ 6–2–101(a) and 6–1–301(a) (LexisNexis 2009).

part on other grounds by Allen v. State, 2002 WY 48, 43 P.3d 551, 569, n. 12 (Wyo.2002))]; see also Robinson v. Hamblin, 914 P.2d 152, 155 (Wyo.1996)." Lee v. State, 2001 WY 129, ¶ 10, 36 P.3d 1133, 1138 (Wyo.2001) (quoting Trusky v. State, 7 P.3d 5, 13 (Wyo.2000)). In imposing sentence, trial courts have broad discretion to consider a wide range of factors about the defendant and the crime. Halbleib v. State, 7 P.3d 45, 47 (Wyo.[2000]), cert. denied, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000) (quoting Jones v. State, 771 P.2d 368, 371 (Wyo.1989)); Mehring [v. State], 860 P.2d [1101,] 1115 [(Wyo.1993)].

Bitz v. State, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). Within this legal context, our review in this case is for plain error, due to the lack of a trial objection.

 [¶ 11] The appellant's argument is based upon the following statement of the district court just after the imposition of sentence:

> THE COURT: I will say on the record that I am basing these sentences on my observation of [the victim] during the trial as well as my recollection of the testimony of the witnesses during the trial, including Mr. Thomas, *rather than the presentence.* And as I recall [the victim] testified about her operations and her pain and so forth, so I think to the extent of any disagreement Mr. Thomas might have with the contents of the presentence report in my mind are, I guess I think even Mr. Thomas agrees are probably immaterial.

(Emphasis added.) The appellant contends that the above passage shows that the district court did not consider the presentence investigation report as is required by W.R.Cr.P. 32(a):

(a) *Presentence investigation.—*

(1) When Made.—In every felony case the Department of Probation and Parole shall conduct a presentence investigation and submit a report to the court. The court may order an investigation and report in misdemeanor cases. In felony cases the investigation and report may not be waived but, with the parties' consent, the court may permit the report to be filed

after sentencing. *Otherwise, it shall be considered by the court before the imposition of sentence or the granting of probation.* Except with the written consent of the defendant, the report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty.

(Emphasis added.)

[¶ 12] The flaw in the appellant's reasoning is that this Rule only requires the district court to *consider* the PSI. It does not require the district court to *base the sentence* upon the PSI. In that regard, a review of the sentencing hearing transcript clearly reveals that the district court considered the PSI. For instance, early in the hearing, the prosecutor and the court engaged in a discourse about the amount of restitution requested in the PSI. Later, in addressing the appellant after allocution, the court contrasted defense counsel's comments concerning the relationship between the victim and the appellant with statements made by the victim in the PSI, and actually read from the PSI.

 [¶ 13] We recited above our rule that the sentencing judge has broad discretion to consider many factors in sentencing a convicted defendant. *See supra* ¶ 10. While a defendant may not be punished for exercising his right to a jury trial, the court certainly may include the trial evidence in its sentencing considerations. Indeed, it would be unusual, if not impossible, for a court to do otherwise. The hearing transcript shows that the district court correctly applied these precepts in this case:

> THE COURT:....
>
> Mr. Thomas, I don't believe that I am allowed to punish you more severely for these crimes because you relied on your right to a jury trial....
>
> I'm not doing that in your case.... The disadvantage you have, though, is that I saw [the victim] limp across this courtroom. I saw her visibly shaken by her recounting the events that took place. I listened to her testimony, listened to the testimony of [a witness], and listened to the testimony of the other witnesses who

described in vivid detail the events of that afternoon.

I've reviewed the letter where it says that she has already undergone 17 surgeries over a three-year period and is expected to require more surgeries. She says that she is in constant pain in the left foot and ankle.

So the reason my sentence is going to be more severe than the sentence Judge Grant issued you is because of my observations of those details, not because you stood on your right to have a jury trial. I believe that you are sad about the injuries that you inflicted on [the victim].

[¶ 14] The appellant cannot prove plain error in the sentencing proceedings because he cannot prove that the district court violated any clear rule of law.

## CONCLUSION

[¶ 15] The victim impact evidence presented during the guilt phase of the trial in this case was relevant because it tended to prove an element of one of the charged crimes. The record reflects that the district court considered the PSI, as required by W.R.Cr.P. 32(a). Therefore, we affirm.