# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 127

OCTOBER TERM, A.D. 2014

October 14, 2014

GREGORY MICHAEL HAWES,

Appellant
(Defendant),

v.                                                                S-14-0018

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

***Representing Appellant:***

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Patricia L. Bennett,* Assistant Appellate Counsel.  Argument by Ms. Olson.

***Representing Appellee:***

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General.  Argument by Ms. Young.

***Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.***

*\*Order Allowing Withdrawal of Counsel Patricia L. Bennett filed July 8, 2014.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   A jury found Gregory Michael Hawes guilty of stalking and kidnapping his estranged wife.  On appeal, Mr. Hawes contends that there was insufficient evidence to demonstrate that he engaged in a course of conduct necessary to support a stalking conviction; that he should be resentenced on the kidnapping conviction with mitigation for his voluntary release of the victim; and that the jury was incorrectly instructed on the charge of felonious restraint, a lesser included offense to the crime of kidnapping.  We reverse the stalking conviction, and affirm on the other two issues.

## *ISSUES*

[¶2]   1.   Was there sufficient evidence of a course of conduct to support the verdict of stalking?

2.   Was there sufficient evidence for the jury to conclude that Mr. Hawes did not voluntarily release his kidnapping victim and was thus not entitled to sentence mitigation?

3.   Was the jury properly instructed on the lesser included charge of felonious restraint?

## *FACTS*

[¶3]   Mr. Hawes' estranged wife, Donna Hawes, opened her back door on the morning of January 26, 2013, to let her dog in.  Instead of her dog, she found Mr. Hawes, who yanked the door from her hand, forced himself into the residence, and pushed her against the freezer with his arm against her throat.[1]  Mr. Hawes prevented her from leaving and forced her into the bedroom, where he tied her hands and feet to the bed and gagged her by putting a sock in her mouth.

[¶4]   Mr. Hawes told Mrs. Hawes that he would either hang himself and make her watch, or he would kill her and then hang himself.  He left the room and returned with a stepladder and some wine.  Using an exercise weight, he punched two holes in the ceiling.  He then took a bottle of Xanax from the medicine cabinet and washed down a number of the pills with some wine.  Mr. Hawes then took the sock out of Mrs. Hawes' mouth so that she could tell him where the television remote was.  Now able to speak, Mrs. Hawes asked him how he would feel if someone did this to his mother or one of his daughters, and then Mr. Hawes cut the restraints from her hands with a pair of scissors.  She took the scissors, cut her feet free, grabbed her keys, and ran from the home.

---

[1] Mr. Hawes was on bail at the time, and was ordered as a part of bail to have no contact with Donna Hawes and to stay away from her home.

1

[¶5]    When asked if Mr. Hawes allowed her to go, Mrs. Hawes responded: "He was right behind me.  I – I just tried to go as fast as I could to get away."  Mrs. Hawes decided against trying to drive away in her truck because the windows were iced up and "he was right behind me."  Instead, she ran across the pasture toward her neighbor's house, with Mr. Hawes in pursuit.  Although he caught up to her a couple of times, Mrs. Hawes got away.  She was helped by an English Mastiff puppy who thought they were playing, causing both Mr. and Mrs. Hawes to fall and allowing Mrs. Hawes to wriggle out of the coat Mr. Hawes had hold of and run away.  Mrs. Hawes made it to her neighbor's yard and at that point Mr. Hawes abandoned his pursuit.  The neighbor let her in, the police arrived, and Mrs. Hawes was taken to the hospital for treatment of her cuts and bruises.

[¶6]    On the day before, January 25, Mrs. Hawes was following a white pickup truck on her way to work, and when it turned down a dirt road, she recognized that the truck was being driven by Mr. Hawes.  Mrs. Hawes was approximately five miles from her home and approximately one mile from the turn to Mr. Hawes' home when she noticed his truck.  When Mr. Hawes first accosted her on the morning of the 26th, Mrs. Hawes asked if that was him the day before, and "[h]e told me he was watching me; that he was -- he was -- that was his truck."

[¶7]    At trial, at the close of the State's evidence, Mr. Hawes moved for a judgment of acquittal, arguing that driving down the road in front of Mrs. Hawes on January 25 was not sufficient to constitute a course of conduct to support the stalking charge.  The district court denied the motion, and the jury found Mr. Hawes guilty of felony stalking in violation of Wyo. Stat. Ann. § 6-2-506(b) and (e)(iii) (LexisNexis 2013), and kidnapping in violation of Wyo. Stat. Ann. § 6-2-201(a)(ii), (a)(iii), and (d) (LexisNexis 2013).  Mr. Hawes filed a motion for new trial, which the district court denied.  He was sentenced to five to nine years incarceration on the stalking charge, and thirty years to life on the kidnapping charge, to be served consecutively.  He timely filed this appeal.

## DISCUSSION

### I.    *Was there sufficient evidence of a course of conduct to support the verdict of stalking?*

### A.    **Standard of Review**

[¶8]    The State contends that Mr. Hawes waived his right to challenge the district court's denial of his motion for judgment of acquittal when he presented evidence after making the motion and then failed to renew the motion at the close of his evidence, relying on *Granzer v. State*, 2010 WY 130, ¶ 7, 299 P.3d 640, 643-44 (Wyo. 2010).  The Court in *Granzer* did hold that the defendant's introduction of evidence following denial of a judgment of acquittal is a waiver of the appeal of that motion; however, the Court

2

went on to consider the appellant's claim that the "trial evidence as a whole is insufficient to support her conviction." *Id.* at ¶ 8, 239 P.3d at 644. Although it may be true that Mr. Hawes waived his right to appeal the denial of his motion of acquittal, he has not waived his right to raise the issue of sufficiency of the evidence and to have it reviewed under our established standard of review. Since *Granzer*, this Court has abandoned the old approach which limited our review of insufficiency of the evidence claims to plain error when the defendant failed to move for a judgment of acquittal. *See Pena v. State*, 2013 WY 4, ¶ 29 n.2, 294 P.3d 13, 18 n.2 (Wyo. 2013); *Garay v. State*, 2007 WY 130, ¶ 2 n.1, 165 P.3d 99, 101 n.1 (Wyo. 2007).[2] The same reasoning applies to cases such as this one, where a motion for judgment of acquittal was made but not renewed, and we therefore analyze this issue using our sufficiency of the evidence standard of review:

> We review that evidence with the assumption that the evidence of the prevailing party is true, disregard the evidence favoring the unsuccessful party, and give the prevailing party the benefit of every favorable inference that we may reasonably draw from the evidence. We will not reweigh the evidence nor will we re-examine the credibility of the witnesses.

*Brown v. State*, 2014 WY 104, ¶ 8, 332 P.3d 1168, 1171-72 (Wyo. 2014) (quoting *Perritt v. State*, 2005 WY 121, ¶ 9, 120 P.3d 181, 186 (Wyo. 2005)).

## B.    Course of Conduct of Stalking

[¶9]    The jury was instructed that, to establish the crime of stalking, the State must prove the following elements beyond a reasonable doubt:

1.  On or between January 25, 2013 and January 26, 2013;
2.  In Campbell County, Wyoming;
3.  The defendant, Gregory M. Hawes;
4.  With the intent to harass Donna Hawes;
5.  Engaged in a course of conduct reasonably likely to harass Donna Hawes; and
6.  The defendant committed the acts set forth in elements 4 and 5 in violation of a condition of bail.

---

[2]  The State contended at oral argument that it only raised this issue because of the way in which Mr. Hawes styled his statement of the issues on appeal. We overlook any ambiguity that might be found in that statement of the issues because the substance of the argument is clearly directed to the sufficiency of the evidence.

"Course of conduct" is defined by statute as "a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose." Wyo. Stat. Ann. § 6-2-506(a)(i) (LexisNexis 2013). "Harass" means:

> to engage in a course of conduct, including but not limited to verbal threats, written threats, lewd or obscene statements or images, vandalism or nonconsensual physical contact, directed at a specific person or the family of a specific person, which the defendant knew or should have known would cause a reasonable person to suffer substantial emotional distress, and which does in fact seriously alarm the person toward whom it is directed.

Wyo. Stat. Ann. § 6-2-506(a)(ii) (LexisNexis 2013).

[¶10]  The State concedes that there can be no "course of conduct" if there was no intent to harass on January 25. Giving the State the benefit of every favorable inference, the facts regarding what occurred on January 25 are insufficient to conclude that Mr. Hawes acted with the intent to harass Mrs. Hawes on that day. Mrs. Hawes found herself following behind a white pickup at a location several miles from her home and near the turnoff to Mr. Hawes' home. The State presented no evidence to dispute Mr. Hawes' explanation that he was on his way home. Instead, the State contends that Mr. Hawes' statement to Mrs. Hawes on January 26 when she asked whether that was him the day before, and he answered that he was watching her, is evidence that he intended to harass her. We cannot conclude that watching her during a chance encounter in a small Wyoming town gives rise to a reasonable inference that Mr. Hawes had an intent to harass Mrs. Hawes on January 25. *See Walker v. State*, 2013 WY 58, ¶ 33, 302 P.2d 182, 192 (Wyo. 2013).

[¶11]  We hold there was insufficient evidence to support the stalking conviction and we reverse it.

## II.    *Was there sufficient evidence for the jury to conclude that Mr. Hawes did not voluntarily release his kidnapping victim and was thus not entitled to sentence mitigation?*

[¶12]  Wyoming law provides that when a defendant shows that he voluntarily released the victim, substantially unharmed, in a safe place, prior to trial, then he is entitled to mitigation in sentencing.[3] The burden of proof is on the defendant to establish these

---

[3] With mitigation, the maximum penalty for kidnapping is not more than twenty years. Wyo. Stat. Ann. § 6-2-201(c) (LexisNexis 2013). Without mitigation, the penalty is not less than twenty years to life. Wyo. Stat. Ann. § 6-2-201(d) (LexisNexis 2013).

4

mitigating factors. *Loomer v. State*, 768 P.2d 1042, 1047 (Wyo. 1989). We apply the standard of review stated *supra*, ¶ 8, for reviewing a sufficiency of the evidence claim.

[¶13] Mr. Hawes argues he "voluntarily released" his victim when he cut her hands free and then allowed her to cut her own feet free and again when he stopped chasing her when she reached the edge of her neighbor's property. However, a reasonable jury could certainly have concluded that Mrs. Hawes cutting her own feet free and then running from the house and across the pasture with Mr. Hawes in pursuit did not constitute "voluntary release." Because Mr. Hawes has not shown that there was insufficient evidence to support a finding of no voluntary release, we do not address the remaining factors, and we affirm the jury's finding that he was not entitled to a mitigated sentence for the kidnapping charge.

### III. Was the jury properly instructed on the lesser included charge of felonious restraint?

[¶14] The trial court instructed the jury that the elements of felonious restraint, a lesser included offense to kidnapping, are as follows:

> The elements of the lesser included offense of Restraint are:
> 1. On or about January 26, 2013;
> 2. In Campbell County, Wyoming;
> 3. The defendant, Gregory M. Hawes;
> 4. Knowingly;
> 5. Restrained Donna Hawes, unlawfully;
> 6. In circumstances exposing her to risk of serious bodily injury.

[¶15] At the jury instruction conference, counsel for Mr. Hawes objected to the omission of the word "felonious" from the description of the offense of felonious restraint. We will therefore review this issue concerning the title of the crime under an abuse of discretion standard, affording significant deference to the trial court's decisions. "A trial court is given wide latitude in instructing the jury and, as long as the instructions correctly state the law and the instructions in their entirety sufficiently cover the relevant issue, reversible error will not be found." *Gonzalez-Ochoa v. State*, 2014 WY 14, ¶ 18, 317 P.3d 599, 605 (Wyo. 2014) (quoting *Duke v. State*, 2004 WY 120, ¶ 90, 99 P.3d 928, 954 (Wyo. 2004)).

[¶16] The trial court judge explained that he took out the word "felonious" and used only "restraint" in the instruction in order to avoid prejudice to the defendant. Mr. Hawes contends that the omission of the word "felonious" somehow misled the jury into believing that the lesser included offense was not a "serious crime." Although we agree that a trial court does not have the discretion to change the words of the statute when it

5

drafts jury instructions, we find no abuse of discretion in this case because the jury did not reach the lesser included offense of felonious restraint; instead, it first considered and found Mr. Hawes guilty of the greater offense of kidnapping.

> When a greater and lesser offense are charged to the jury, the proper course is to tell the jury to consider first the greater offense, and to move on to consideration of the lesser offense only if they have some reasonable doubt as to the guilt of the greater offense. A jury that finds guilt as to the greater offense does not enter a verdict concerning guilt of the lesser offense. The reason for this absence of consideration is not any inconsistency between the offenses. It rather reflects the very 'inclusion' that defines the lesser offense as one 'included' in the greater.

*Janpol v. State*, 2008 WY 21, ¶ 9, 178 P.3d 396, 400-01 (Wyo. 2008) (citations omitted).

[¶17] This was the course followed in this case, in which the jury was instructed:

> If you find from your consideration of all the evidence that each of these elements [of kidnapping] has been proved beyond a reasonable doubt, then you should find the defendant guilty of Kiddnapping [sic]. If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should consider the lesser included offense of Restraint and the lesser included offense of False Imprisonment.

[¶18] The verdict form likewise instructed the jury to consider first, the charge of kidnapping; and then only if it found Mr. Hawes "Not Guilty" of kidnapping, to go on to consider the lesser included offenses. The jury did find Mr. Hawes guilty of kidnapping, and thus had no occasion to consider the lesser included offense of felonious restraint. Because the jury was correctly instructed on the relevant issues, we find no abuse of discretion in the trial court's omission of the word "felonious" in the felonious restraint instruction.

[¶19] Mr. Hawes also argues that the felonious restraint instruction failed to instruct the jury that the State must prove the accused acted knowingly on each element of the offense. Because this issue was not raised below, we apply a plain error standard to our review. "The plain error standard requires a defendant to establish that a violation of an unequivocal rule of law occurred. The record must clearly reflect the error, and the violation must result in the abridgment of a substantial right of the [defendant] to his

6

material prejudice." *Brown v. State*, 2014 WY 104, ¶ 19, 332 P.3d at 1772 (internal citation and quotation marks omitted). We afford the trial judge "latitude to tailor the instructions to the facts of the case, and reversible error will not be found as long as the instructions when viewed as a whole and in the context of the entire trial fairly and adequately cover the issues." *Keats v. State*, 2003 WY 19, ¶ 8, 64 P.3d 104, 106-07 (Wyo. 2003) (quoting *Scadden v. State*, 732 P.2d 1036, 1053 (Wyo. 1987)). Because we have concluded that the jury had no occasion to consider the lesser included felonious restraint instruction, we find that any error in the instruction did not result in material prejudice to Mr. Hawes, and we affirm the district court on the jury instruction issue.

## *CONCLUSION*

[¶20] We reverse Mr. Hawes' stalking conviction, and affirm on the issues of sentence mitigation for the kidnapping charge and the felonious restraint jury instruction.