# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 119

**APRIL TERM, A.D. 2015**

**September 11, 2015**

JOHN WAYNE BUTLER,

Appellant
(Defendant),

v.

S-15-0001

THE STATE OF WYOMING,

Appellee
(Plaintiff).

---

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\* Justice Kite retired from judicial office effective August 3, 2015, and pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2015), she was reassigned to act on this matter on August 4, 2015.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    A jury convicted John Wayne Butler of one count of second-degree sexual abuse of a minor.  He appeals, arguing there was insufficient evidence to sustain the conviction, the district court abused its discretion in sentencing him to incarceration instead of probation, and the district court considered inappropriate factors in its sentencing decision.  We affirm.

## *ISSUES*

[¶2]    1.    Was there sufficient evidence presented to sustain Mr. Butler's conviction?

2.    Did the district court abuse its discretion when it denied Mr. Butler probation and sentenced him to serve time in prison?

3.    Did the district court commit plain error by considering inappropriate factors in its sentencing decision?

## *FACTS*

[¶3]    In June 2010, Mr. Butler drove his fifteen-year-old niece, H.H., to an eye doctor appointment.  H.H. testified that she and Mr. Butler arrived at the appointment and "[c]hatted for a bit" while they waited in the car.  Mr. Butler asked "if he could show [her] something," and she replied "yes."  Mr. Butler began massaging H.H.'s breasts and touching her vaginal area over her pants.  Telling her to relax, Mr. Butler put his hand under H.H.'s jeans and "inside of [her] genitals." Mr. Butler asked her "if it felt good" and told her "he'd like to teach [her] some more things later" before she left the car to go to her appointment.  After H.H.'s appointment, Mr. Butler drove her home.  H.H. did not report the abuse until February 2014, explaining that she "was embarrassed" and scared of her uncle.

[¶4]    Mr. Butler was charged with second-degree sexual abuse of a minor, and following a jury trial, he was found guilty of the charged crime.  At sentencing, the district court judge referenced his judicial experience stating, "I've done this now for a very long time[,]" and after reviewing the Presentence Investigation Report (PSI) "very carefully[,]" the judge expressed his belief "experientially" that the PSI's finding of a low risk of re-offense was "wrong."  The district court considered community placement options as well as probation, but agreed with the PSI's recommendation that Mr. Butler was "not an appropriate candidate" for either, and sentenced Mr. Butler to a period of seven to fifteen years incarceration.  Mr. Butler timely filed his notice of appeal.

1

## DISCUSSION

### I.    Was there sufficient evidence presented to sustain Mr. Butler's conviction?

[¶5]    After the State rested its case at trial, Mr. Butler moved for a judgment of acquittal, arguing that the State failed to present sufficient evidence to establish a prima facie case.  The district court denied Mr. Butler's motion, finding that the State had met its burden.  Mr. Butler then proceeded to present evidence to the jury, thereby waiving his right to challenge the district court's denial of his motion on appeal.  *Bruce v. State*, 2015 WY 46, ¶ 55, 346 P.3d 909, 926 (Wyo. 2015) ("[A] defendant's introduction of evidence following denial of a judgment of acquittal is a waiver of the appeal of that motion."); *Hawes v. State*, 2014 WY 127, ¶ 8, 335 P.3d 1073, 1076 (Wyo. 2014) (same).  Mr. Butler failed to make a similar motion at the close of evidence or when the jury returned its verdict, precluding our review of the district court's decision denying Mr. Butler's motion for judgment of acquittal.  *Bruce,* 2015 WY 46, ¶ 55, 346 P.3d at 926 ("Where a defendant introduces evidence after denial of a motion for judgment of acquittal made at the end of the State's case, he waives that motion, and only a similar motion made after return of the verdict may be claimed as error." (citation omitted)); *Robinson v. State*, 11 P.3d 361, 368 (Wyo. 2000) ("[I]t is our rule of law that introducing evidence waives the earlier motion and only the later motion may be claimed as error.").

[¶6]    Though Mr. Butler waived his right to appeal the district court's denial of his motion for judgment of acquittal, he has not waived his right to raise the issue of insufficient evidence on appeal.  *Hawes*, 2014 WY 127, ¶ 8, 335 P.3d at 1076.  Our standard of review in such cases states:

> In addressing a claim of insufficiency of the evidence, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  When considering a claim of the sufficiency of the evidence, we review that evidence with the assumption that the evidence of the prevailing party is true, disregard the evidence favoring the unsuccessful party, and give the prevailing party the benefit of every favorable inference that we may reasonably draw from the evidence. We will not reweigh the evidence nor will we re-examine the credibility of the witnesses.

*Mendoza v. State*, 2007 WY 26, ¶ 3, 151 P.3d 1112, 1113 (Wyo. 2007) (citing *Perritt v. State*, 2005 WY 121, ¶ 9, 120 P.3d 181, 186 (Wyo. 2005)).  Our analysis of Mr. Butler's argument also requires us to engage in an interpretation of statutory language, which we do *de novo*. *Qwest Corp. v. Pub. Serv. Comm'n of Wyo.*, 2007 WY 97, ¶ 3, 161 P.3d 495, 497 (Wyo. 2007).

2

[¶7]   The thrust of Mr. Butler's argument on appeal focuses on statutory construction.[1] When interpreting a statute, "[o]ur paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute." *Horse Creek Conservation Dist. v. State ex rel. Wyo. Attorney General*, 2009 WY 143, ¶ 14, 221 P.3d 306, 312 (Wyo. 2009). Mr. Butler argues that there is insufficient evidence to demonstrate that he occupied a position of authority over the victim or that he asserted that authority as is required for a conviction under the statute.

[¶8]   Mr. Butler was convicted under Wyo. Stat. Ann. § 6-2-315(a)(iv) (LexisNexis 2015), which states in pertinent part:

> (a)   . . . [A]n actor commits the crime of sexual abuse of a minor in the second degree if:
>
> . . . .
>
> (iv)   Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

[¶9]   "Position of authority" is statutorily defined as:

> [T]hat position occupied by a parent, guardian, relative, household member, teacher, employer, custodian or any other person who, by reason of his position, is able to exercise significant influence over a person[.]

Wyo. Stat. Ann. § 6-2-301(a)(iv) (LexisNexis 2015). The evidence elicited at trial demonstrated that Mr. Butler is H.H.'s uncle by marriage, and Mr. Butler does not dispute this fact. "Relative" is defined as: "A person connected with another by blood or affinity; a person who is kin with another." *Black's Law Dictionary* 1315 (8th ed. 2004).

---

[1] The State addresses a number of arguments that it contends Mr. Butler asserted in his opening brief concerning the sufficiency of the evidence. A review of Mr. Butler's brief, however, reveals that Mr. Butler only briefly mentioned these issues in the opening sentence of his argument when he stated, "Four years after the fact, with no physical evidence and no corroboration of the actual event, John Wayne Butler was convicted by less than 500 words of direct testimony." This passing reference is insufficient to preserve these issues on appeal. *See Boucher v. State*, 2011 WY 2, ¶ 32, 245 P.3d 342, 357-58 (Wyo. 2011) (refusing to consider "issues that are unaccompanied by cogent argument or citation to pertinent legal authority").

Because Mr. Butler is connected with H.H. by affinity, he qualifies as a relative to H.H., and therefore occupies a position of authority in relation to H.H. Wyo. Stat. Ann. § 6-2-315(a)(iv).

[¶10] Mr. Butler contends that despite establishing his position as H.H.'s "relative," the State had the additional burden of proving that he used this position to exercise significant influence and cause H.H. to submit to a sexual assault. This argument is misplaced. In interpreting the statutory definition of "position of authority," we have repeatedly distinguished the enumerated categories from the catchall category. *Rogers v. State*, 2015 WY 48, ¶ 15, 346 P.3d 934, 938 (Wyo. 2015); *Solis v. State*, 2013 WY 152, ¶¶ 27-32, 315 P.3d 622, 629-30 (Wyo. 2013); *Baldes v. State*, 2012 WY 67, ¶ 9, 276 P.3d 386, 388 (Wyo. 2012); *Scadden v. State*, 732 P.2d 1036, 1042 (Wyo. 1987). The enumerated categories encompass parents, guardians, relatives, household members, teachers, employers, and custodians. Wyo. Stat. Ann. § 6-2-301(a)(iv). The catchall category includes "any other person who, by reason of his position, is able to exercise significant influence over a person[.]" *Id.* If an actor falls within one of the enumerated categories, the State need not prove that he was able to exercise significant influence over the victim. Instead, that additional element is only required to be established by the State if the actor qualifies under the catchall category. The reason for the distinction lies in the fact that an individual who falls within one of the enumerated categories is already in a position of significant influence based on implicit social norms. *Faubion v. State*, 2010 WY 79, ¶ 17, 233 P.3d 926, 930 (Wyo. 2010) ("One in a position of authority is a person who acquires that status by virtue of society and its system of laws granting to him the right of control over another." (quoting *Scadden*, 732 P.2d at 1042)). Mr. Butler was tried and convicted based on his position as H.H.'s "relative," one of the enumerated categories. Thus, the State was not required to demonstrate that he was able to exercise significant influence over H.H.

[¶11] The State established that Mr. Butler occupied a position of authority in relation to H.H., which is all that was required under the statute. A rational jury could have determined that this essential element of the crime had been proven beyond a reasonable doubt. Thus, there was sufficient evidence to sustain Mr. Butler's conviction.

## II. Did the district court abuse its discretion when it denied Mr. Butler probation and sentenced him to serve time in prison?

[¶12] "[W]hen the district court's imposition of a criminal sentence is within the limits set by the legislature, the sentence will not be overturned, absent a clear abuse of discretion."[2] *Hubbard v. State*, 2008 WY 12, ¶ 27, 175 P.3d 625, 630 (Wyo. 2008). "[I]t is a very difficult bar for an appellant to leap seeking to overturn a sentencing decision on

---

[2] The statutory maximum sentence for a violation of Wyo. Stat. Ann. § 6-2-315(a) is twenty years. Wyo. Stat. Ann. § 6-2-315(b) (LexisNexis 2015).

an abuse of discretion argument[,]" due in large part to the wide variety of factors a district court can consider in its sentencing disposition. *Croy v. State*, 2014 WY 111, ¶ 7, 334 P.3d 564, 567 (Wyo. 2014). These include "victim impact statements, PSIs, and other factors relating to the defendant and his crimes[.]" *Deeds v. State*, 2014 WY 124, ¶ 22, 335 P.3d 473, 479 (Wyo. 2014) (quoting *Noller v. State*, 2010 WY 30, ¶ 13, 226 P.3d 867, 871 (Wyo. 2010)).

[¶13] The district court's oral sentencing decision consists of two paragraphs:

> As [defense counsel] has probably told you, as most people here know, I've done this now for a very long time. I've considered the Presentence Investigation Report very carefully. And this is one of those where experientially I believe that the risk of re-offense as stated there is wrong. I've considered every community placement. I've considered every other option. I find you're not an appropriate candidate for probation or other community placement.
>
> I do my own assessments of PSIs, and it's my assessment that I will adopt today. The Court will sentence you to not less than seven nor more than 15 years.

[¶14] Mr. Butler first argues that the district court abused its discretion when it considered its own experience during sentencing. Judicial discretion is composed of conclusions drawn from objective criteria and exercising sound judgment with regard to what is right under the circumstances, without doing so arbitrarily or capriciously. *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998). In this case, the district court relied on its past experience to assess the PSI and determine Mr. Butler's sentence. The district court's sentence, in fact, conformed with the PSI's recommendation that Mr. Butler be sentenced to a term of incarceration. Because other objective factors were considered, the district court's reflection of past experience was not arbitrary or capricious. *See Deeds*, 2014 WY 124, ¶ 22, 335 P.3d at 479 ("Sentencing judges are given broad discretion to consider a wide range of factors about the defendant when imposing sentences."); *see also Thomas v. State*, 2009 WY 92, ¶ 13, 211 P.3d 509, 513 (Wyo. 2009) ("[T]he court certainly may include the trial evidence in its sentencing considerations. Indeed it would be unusual, if not impossible, for a court to do otherwise."). In *State v. Tully*, 430 So.2d 124, 127 (La. Ct. App. 2d Cir. 1983), a Louisiana court faced a similar issue when a trial court considered its previous experience during sentencing. On appeal, the sentence was affirmed and the appellate court stated:

> [A] sentencing judge is not required to determine sentences in a vacuum. Though it would be error for a sentencing judge to consider *only* his past experience or to give his past

5

> experience controlling weight over other factors, past experience is an appropriate factor for the sentencing judge to consider along with the facts of the particular case before him.

*Tully*, 430 So.2d at 127.  The district court did not abuse its discretion when it applied its past experience to its assessment of the information presented to it for sentencing.

[¶15]  Mr. Butler also contends that the district court abused its discretion when it sentenced him to incarceration instead of probation, despite the risk assessment contained in the PSI which indicated that the risk of recidivism was low.  Although a district court is not obligated to grant probation, it is obligated to consider it, and if an application for probation is not granted, the court must include a written statement in the sentence recognizing the application was considered. *Cohee v. State*, 2005 WY 50, ¶ 15, 110 P.3d 267, 272 (Wyo. 2005); *see also* W.R.Cr.P. 32(c)(2)(D).  The district court expressly stated that it considered probation, but found Mr. Butler was not an appropriate candidate.  The written sentence clearly states that the district court considered "the advisability of probation."  A district court is "free . . . to consider" PSIs and risk assessments, meaning it is also within its discretion to give these reports the weight the district court deems appropriate when imposing a sentence within the statutory range. *Deeds*, 2014 WY 124, ¶ 22, 335 P.3d at 479.  The district court did not abuse its discretion when it rejected the risk assessment and considered its past experience during sentencing.

### III.  Did the district court commit plain error by considering inappropriate factors in its sentencing decision?

[¶16]  As a final matter, Mr. Butler contends his right to jury trial was violated when he was punished at sentencing for exercising that right.  Mr. Butler bases this contention on a statement made by the prosecuting attorney during the sentencing hearing.  We customarily review a district court's sentencing decision for an abuse of discretion. *See supra* ¶ 12; *Kelley v. State*, 2009 WY 3, ¶ 7, 199 P.3d 521, 523 (Wyo. 2009).  "However, when no objection is made concerning the consideration of a particular factor, review is necessarily confined to a search for plain error[.]" *Id*. at ¶ 7, 199 P.3d at 524 (quoting *Hirsch v. State,* 2006 WY 66, ¶ 31, 135 P.3d 586, 598 (Wyo. 2006)).  "Plain error exists when '1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right resulting in material prejudice.'" *Deeds*, 2014 WY 124, ¶ 21, 335 P.3d at 479 (quoting *Anderson v. State*, 2014 WY 74, ¶ 40, 327 P.3d 89, 99 (Wyo. 2014)).

[¶17]  At sentencing, the prosecutor argued, "Your Honor, as [stated] in the PSI, probation is not appropriate for Mr. Butler.  [The treatment] they have for sex offenders

is not appropriate. Mr. Butler takes no responsibility for what he's done, and, in fact, blames the victims."[3] Mr. Butler contends that the prosecutor was implying that by insisting on taking the case to trial, Mr. Butler was not taking responsibility for his actions, and that the district court inappropriately considered this factor during sentencing. Mr. Butler is correct that had the district court punished Mr. Butler at sentencing for exercising his right to a jury trial, it would have been inappropriate. *Guinn v. State*, 2009 WY 15, ¶ 6, 201 P.3d 423, 424 (Wyo. 2009); *Thomas*, 2009 WY 92, ¶ 13, 211 P.3d at 513. There is nothing in the record demonstrating that the district court considered Mr. Butler's insistence on going to trial in its sentencing decision. Thus, Mr. Butler has failed to establish even the first factor in our plain error review.

## *CONCLUSION*

[¶18] Sufficient evidence was presented at trial to convict Mr. Butler of violating Wyo. Stat. Ann. § 6-2-315(a)(iv). The district court did not abuse its discretion in sentencing Mr. Butler to incarceration instead of probation, nor did it commit plain error by considering inappropriate factors at sentencing. Affirmed.

---

[3] We find no implication in the prosecutor's statement that Mr. Butler should be punished for exercising his right to a jury trial. Instead, the prosecutor is referencing the PSI which found the sex offender treatment program offered by Behavioral Health Services was inappropriate for Mr. Butler as he refused to take responsibility for his actions even after being convicted of the crime. The PSI stated, "The group dimensions [of the sex offender treatment program] are such that a person convicted of a sex offense that is unwilling to admit their behaviors, would disrupt the group dimension and are therefore not acceptable to attend that group."